## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **MARK VITALIS,** | |
| Plaintiff, | 2005-CV-0101 |
| v. | |
| **SUN CONSTRUCTORS, INC.,** **HOVENSA, L.L.C.,** **RICHARD "DOC" LAGNER, and** **EXCEL GROUP, INC.,** | |
| **Defendants.** | |

TO:   Lee J. Rohn, Esq.
      Charles E. Engeman, Esq.
      Linda J. Blair, Esq.

### ORDER DENYING DEFENDANT HOVENSA'S MOTION FOR PARTIAL RECONSIDERATION OF MAY 7, 2007[,] ORDER

THIS MATTER is before the Court upon the Motion for Partial Reconsideration of May 7, 2007[,] Order (the "Order") (Docket No. 131) of Defendant HOVENSA, L.L.C. (HOVENSA).  Plaintiff filed an opposition to said Defendant's motion, and said Defendant filed a reply thereto.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order or decision of the Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice."  LRCi 7.3.  Defendant HOVENSA asks the Court to reconsider its

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order Denying Defendant HOVENSA, L.L.C.'s Motion For Partial Reconsideration
Page 2

Order Granting Plaintiff's Motion to Compel said Defendant (Docket No. 128), entered May 7, 2007, "'to correct clear error or prevent manifest injustice.'" Motion at 1 (citing LRCi 7.4[1]).

## DISCUSSION

It is widely recognized that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Smith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). While HOVENSA argues that reconsideration of the Court's May 7, 2007, Order is necessary to correct clear error or manifest injustice, said Defendant does not elucidate exactly how the Order is erroneous. HOVENSA has cited no authority, contradicting the Court's holding, that demonstrates a "manifest error of law." Therefore, reconsideration is not warranted on that basis.

Said Defendant supports its contention by arguing that both parties had interpreted the Demand for Production No. 18 (the Demand) to be limited to positions of co-Defendant Sun Constructors, Inc., (Sun) and that the Demand is grossly overbroad, burdensome, and irrelevant to a claim or defense of any party. Motion at 4-5.

---

1. Local Rule of Civil Procedure 7.4 was amended and now is Rule 7.3.

There is no evidence to prove said Defendant's contention that Plaintiff had interpreted his own Demand to be limited to positions of Sun. Sun is not mentioned in the Demand, and Plaintiff specifically requested documents regarding HOVENSA's involvement, etc., "for the positions of carpenter, or supervisory position at the Hess Refinery". Demand for Production No. 18. Plaintiff's request did not specify documents regarding positions only with Sun. Said Defendant assumes that Plaintiff interpreted the Demand to mean something contrary to its express words because Plaintiff allegedly did not take issue with said Defendant's own interpretation of the Demand in its response. Yet, Plaintiff contested said Defendant's incomplete response and requested production of all documents responsive to the Demand. Furthermore, this matter has already been litigated when said Defendant first attempted to limit its response to positions with Sun. "Motions for reconsideration should not be used as a vehicle for rehashing and expanding upon arguments previously presented or merely as an opportunity for getting in one last shot at an issue that has been decided." *Nicholas v. Wyndham Int'l., Inc.*, No. 01-CV-147, 2002 WL 32359953 at *1 (D.V.I. Nov. 18, 2002). This Court already made a decision on this matter when it pointed to the express words of the Demand and ordered said Defendant to fully respond to its requests in the May 7, 2007[,] Order.

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order Denying Defendant HOVENSA, L.L.C.'s Motion For Partial Reconsideration
Page 4

Federal Rules of Civil Procedure 26(b) permits parties to discover information as to any nonprivileged matter that is "relevant to any party's claim or defense." *Id.* Relevance has been defined broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Irving Sanders*, 437 U.S. 340, 351 (1978). In a Title VII case, the plaintiff may meet the initial burden of proof by showing the existence of a pattern of discriminatory hiring and practice. *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 751 (1976). The information a plaintiff in a Title VII case needs in order to show a pattern of discrimination requires that the parameters of discovery in a Title VII case be broader than the facts of the individual case. *Gaul v. ZEP Mfg. Co.,* No. Civ. A. 03-2439, 2004 WL 231298 at *3 (E.D. Pa. Feb. 5, 2004) (quoting *Clark v. Mellon Bank*, Civ. A. No. 92-CV-4823, 1993 WL 170950 (E.D. Pa. May 11, 1993)).

In the instant case, Plaintiff is trying to demonstrate a pattern of discrimination by HOVENSA through said Defendant's control over the hiring of its own employees and those of other independent contractors. As a result, the requested documents in the Demand are directly relevant to Plaintiff's claim, and any burden on said Defendant as a result of providing such documents is outweighed by the Plaintiff's claim. *Clarke v. Mellon Bank, N.A.*, No. 92-CV-4823, 1993 WL 170950 at *3 (E.D. Pa. May 11, 1993)

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order Denying Defendant HOVENSA, L.L.C.'s Motion For Partial Reconsideration
Page 5

(holding that the court must balance the relevance of the information against the burden on the defendant).  Furthermore, in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court recognized that statistical data is relevant to establish that the reason given for firing an employee is a pretext for a real discriminatory purpose. Therefore, documents recording the history of said Defendant's influence, etc., in hiring for position of carpenter, and supervisory position is necessary to establish part of Plaintiff's Title VII case.

    Accordingly, it is now hereby **ORDERED**

1. Defendant HOVENSA's Motion for Partial Reconsideration of May 7, 2007[,] Order (Docket No. 131) is **DENIED**.

2. The Court's Order Regarding Plaintiff's Motion to Compel Defendant HOVENSA (Docket No. 128), entered May 7, 2007, is **AFFIRMED**.

    ENTER:

Dated: June 13, 2008                                         /s/
                                                                     GEORGE W. CANNON, JR.
                                                                     U.S. MAGISTRATE JUDGE