# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| MARK VITALIS, | |
|                  Plaintiff, | 2005-CV-0101 |
|   v. | |
| SUN CONSTRUCTORS, INC., HOVENSA, L.L.C., RICHARD "DOC" LANGNER, and EXCEL GROUP, INC., | |
|                 Defendants. | |

TO:   Lee J. Rohn, Esq.
        David J. Cattie, Esq.
        Linda J. Blair, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Amend First Amended Complaint (Docket No. 221). Defendants filed oppositions to said motion. The time for filing a reply, including the agreed upon and court ordered extension, has expired.

Defendants Sun Constructors, Inc., Richard "Doc" Langer, and Excel Group, Inc., filed a Motion to Stay Mediation Deadline Pending Disposition of Plaintiff's Motion to Amend First Amended Complaint (Docket No. 225), which has been fully briefed. In view of the Court's within ruling upon Plaintiff's motion to amend, said Defendants' motion will be denied as moot.

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order
Page 2

**DISCUSSION**

Plaintiff asserts, in his motion to amend, that he desires to amend his complaint "to conform to the evidence." The proposed amendment to a single paragraph of Plaintiff's complaint, however, changes the entire nature of his complaint. As Defendants amply demonstrate in their oppositions, all of the evidence supports and confirms that the paragraph, as originally alleged, forms the sole basis of Plaintiff's complaint as well as the grounds stated in his EEOC charge of discrimination and that the proposed amendment is unnecessary to "conform to the evidence."

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." It is well established that such leave should be "'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, as the United States Court of Appeals for the Third Circuit has recently reaffirmed, "a district court has the discretion to deny such a request if amendment would result in 'undue prejudice' to the opposing party." *Trueman v. City of Upper Chichester*, No. 07-2762, 2008 WL 3845373 at *2 (3d Cir. August 19, 2008) (citations omitted).

The initial complaint in this case was filed on July 12, 2005. On September 29, 2005, Plaintiff filed a motion to amend complaint, which was granted by order entered

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order
Page 3

November 14, 2005. Plaintiff again moves to amend, almost three years later and after all discovery has closed.

Although the passage of time, in and of itself, is not enough to defeat a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted). When determining whether delay is undue, the Court considers the reasons of the movant for not seeking the amendment earlier; and, when determining whether the delay is prejudicial, the Court considers the effects of amendment upon the non-moving party, *id.*, including, but not limited to, "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted).

Plaintiff has not articulated any reason for not seeking to amend earlier. Because of the additional discovery, cost, and preparation to defend against Plaintiff's "new" allegation, the Court finds that Plaintiff's proposed amendment to his complaint would unduly burden the Court and prejudice Defendants.

Accordingly, it is now hereby **ORDERED**:

*Vitalis v. Sun Constructors, Inc.*
2005-CV-0101
Order
Page 4

1. Plaintiff's Motion to Amend First Amended Complaint (Docket No. 221) is **DENIED**.

2. Defendants Sun Constructors, Inc., Richard "Doc" Langer, and Excel Group, Inc.'s Motion to Stay Mediation Deadline Pending Disposition of Plaintiff's Motion to Amend First Amended Complaint (Docket No. 225) is **DENIED AS MOOT**.

ENTER:

Dated: August 28, 2008                              /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE