# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| MARK VITALIS, <br><br>         Plaintiff, <br><br> v. <br><br>SUN CONSTRUCTORS, INC., <br>HOVENSA, L.L.C., RICHARD "DOC" <br>LANGNER, and EXCEL GROUP, INC., <br><br>         Defendants. | 1:05-cv-101 |

TO: Lee J. Rohn, Esq.
   David J. Cattie, Esq.
   Linda J. Blair, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Amend First Amended Complaint (Docket No. 328). Defendants Sun Constructors, Inc., Richard "Doc" Langner, and Excel Group, Inc. filed an opposition to said motion. Defendant HOVENSA, L.L.C., filed a Notice of Joinder in Sun Constructors' Opposition to Plaintiff's Motion to amend the First Amended Complaint (Docket No. 331). Plaintiff filed a reply in further support of his motion.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." It is well established that such leave should be "'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The initial complaint in this case was filed on July 12, 2005. On September 29, 2005, Plaintiff filed a motion to amend complaint, which was granted by order entered November 14, 2005. Plaintiff again moves to amend, almost four years later and after all discovery has closed, to include allegations that Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a "right to sue" letter.

Defendants oppose such amendment on the basis that Plaintiff's sole reason for requesting such amendment is to avoid summary judgment.

The "right to sue" letter is dated January 26, 2006. Defendants filed their motions for summary judgment in April 2009. Despite the fact that Plaintiff could easily have moved to amend his complaint at any time after receiving it and prior to Defendants' motions for summary judgment, the Court finds that the amendment should be allowed.

This Court recently denied a motion to dismiss and allowed the plaintiff to amend her complaint where the plaintiff who filed her complaint in 2006 did not receive a "right-

to-sue" letter until February 8, 2008. *Burke-Ventura v. VITELCO*, Civil No. 2006-141, 2009 WL 1586601 (D.V.I. June 5, 2009). The Court based its ruling upon the guidance provided by the United States Court of Appeals for the Third Circuit in *Anjelino v. New York Times Co.*, 200 F.3d 73, 96 (3d Cir. 1999) ("failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action" (citations omitted)) and *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984) (where the court held that the appropriate course for a district court to take is to allow a plaintiff who does not allege receipt of a right-to-sue letter an opportunity to amend her complaint). The Court will follow this precedent.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Amend First Amended Complaint (Docket No. 328) is **GRANTED**.

2. Plaintiff shall file, forthwith, his Second Amended Complaint, as it appears as Attachment #5 filed with the said motion to amend.

3. Defendant HOVENSA, L.L.C's Notice of Joinder in Sun Constructors' Opposition to Plaintiff's Motion to Amend the First Amended Complaint (Docket No. 331) is **GRANTED**.

ENTER:

Dated: August 24, 2009 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE