DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **MARK VITALIS,** )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br> **SUN CONSTRUCTORS, INC.;** )<br> **HOVENSA, L.L.C.; RICHARD "DOC"** )<br> **LANGNER; and EXCEL GROUP, INC.,** )<br> )<br> **Defendants.** )<br> ) | Civil Action No. 2005-0101 |

**Attorneys:**
**Gordon C. Rhea, Esq.,**
Mt. Pleasant, S.C.
**Lee Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Respondent Lee A. Rohn, Esq.*

**Charles E. Engeman, Esq.,**
**David J. Cattie, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Sun Constructors, Inc.,*
    *Richard Langner, and Excel Group, Inc.*

**Carl A. Beckstedt, III, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Hovensa L.L.C.*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER is before the Court on "Defendants' Response to Order/Application for Attorneys' Fees Incurred in Connection with Pursuing the Motion for Contempt" ("Application") filed by Defendants Sun Constructors, Inc. ("Sun"), Richard "Doc" Langer, and Excel Group, Inc. (collectively "Sun Defendants") (Dkt. No. 897). The Application was filed in response to the Court's August 20, 2020 Order finding Lee Rohn, Esq. ("Attorney Rohn") in contempt for failing

to comply with a subpoena *duces tecum* without adequate excuse. (Dkt. No. 895). Attorney Rohn has filed an "Objection to Sun Constructors, Inc.'s Application for Fees" ("Objection") (Dkt. No. 901), and the Sun Defendants filed a "Reply in Support of Petition for Attorneys' Fees" ("Reply") (Dkt. No. 902). For the reasons discussed below, the Sun Defendants' Application for Attorneys' Fees will be granted in part and denied in part.

## I. BACKGROUND

The post-judgment dispute regarding Plaintiff and Attorney Rohn's filing of a Motion to Recuse the presiding trial judge in this case—the Honorable Timothy J. Savage—was discussed in detail in the Court's August 20, 2020 Memorandum Opinion (Dkt. No. 896). In that Order, the Court found Attorney Rohn in civil contempt. The history of this matter will not be repeated in detail here.

In summary, Attorney Rohn represented Plaintiff Mark Vitalis ("Plaintiff") in an employment dispute involving the Sun Defendants and others. (Dkt. No. 1). Following the entry of summary judgment in favor of most of the Defendants, two of Plaintiff's employment discrimination claims proceeded to a jury trial—presided over by Judge Savage—against Defendant Sun only. (Dkt. Nos. 400, 493). At the conclusion of the trial, the jury returned a verdict in favor of Sun. (Dkt. Nos. 548-549). Shortly thereafter, the Sun Defendants and other Defendants filed Bills of Costs and Motions for Attorneys' Fees and Expenses. (Dkt. Nos. 552-558).

Plaintiff—along with at least six other plaintiffs represented by Attorney Rohn in other cases—filed Motions for Recusal of Judge Savage in their respective cases ("Recusal Motions").[1] (Dkt. Nos. 579; 896 at 3-4). The Recusal Motions alleged that Judge Savage was biased against

---

[1] As the Recusal matter progressed, additional plaintiffs represented by Attorney Rohn in other cases joined in various filings related to the recusal issues. (Dkt. No. 896 at 6, n.9; 8, n.12).

Attorney Rohn, negatively affecting her clients' cases. The Motions were accompanied by a detailed Affirmation made by Attorney Rohn and Declarations of others asserting that various actions allegedly taken, or statements allegedly made, by Judge Savage reflected the Judge's bias against Attorney Rohn. (Dkt. No. 579-1). The cases were consolidated to resolve the Recusal Motions. (Dkt. No. 594).

The Sun Defendants and others requested leave to conduct discovery into the accusations made by Attorney Rohn and her clients. (Dkt. Nos. 584, 589). Defendants were permitted limited discovery and specifically permitted to depose Attorney Rohn. (Dkt. Nos. 595). The Sun Defendants issued a Notice of Deposition and Subpoena Duces Tecum to Attorney Rohn, and she was personally served with the same. The Subpoena directed Attorney Rohn to bring documents responsive to the Subpoena to her deposition. (Dkt. Nos. 606, 649-1). Following discovery disputes and four Orders from Judge Savage involving the same, the parties proceeded with the scheduled deposition. (Dkt. Nos. 597, 599, 613, 615).[2] When Attorney Rohn appeared for her deposition, she did not produce any documents in response to the Subpoena Duces Tecum. (Dkt. No. 649). During her deposition, Attorney Rohn claimed that Judge Savage's various discovery Orders excused her from producing the subpoenaed documents because they were not relevant. (Dkt. No. 896 at 8-9).

Approximately one week after her deposition, the Sun Defendants filed a Motion for Contempt alleging that Attorney Rohn's failure to produce subpoenaed documents at her

---

[2] Attorney Rohn's clients also requested a Writ of Mandamus from the Third Circuit Court of Appeals challenging the discovery rulings. A Motion to Stay Discovery Pending Resolution of the Writ was denied by the Third Circuit the day before Attorney Rohn's scheduled deposition and the Writ was largely denied on the merits the day after the deposition. (Dkt. No. 622; Third Circuit Case No. 10-3345, Doc. 003110248528).

deposition constituted civil contempt. The Defendants also asserted that Attorney Rohn made little or no attempt to determine what responsive documents she might possess. (Dkt. No. 627). Although Attorney Rohn asserted in her Opposition that the Orders regarding discovery were confusing, the Magistrate Judge found that Attorney Rohn's actions were unreasonable and contemptuous. (Dkt. No. 658 at 3). The Magistrate Judge directed Attorney Rohn to deliver the subpoenaed documents to the Sun Defendants' counsel by a date certain and to provide a detailed log listing any privileged documents withheld. *Id.* at 3-4. The Magistrate Judge subsequently ordered Attorney Rohn to pay the Sun Defendants $1,475.00 in attorneys' fees for their costs incurred in the contempt proceeding. (Dkt. No. 759).

Attorney Rohn appealed the Magistrate Judge's Contempt Order to the District Judge and asked that Judge Savage stay the Order directing disclosure of the documents. (Dkt. No. 673). The Motion for Stay was denied, and thereafter Attorney Rohn filed a "Response to Subpoena Duces Tecum" asserting that either (1) there were no responsive documents or (2) the document requests were irrelevant and overly broad. (Dkt. No. 706). Judge Savage upheld the Magistrate Judge's Contempt Order without holding an evidentiary hearing (Dkt. No. 736), and the Contempt Order was ultimately reversed and remanded by the Third Circuit Court of Appeals because of the failure of the Court to follow the procedural requirements of 28 U.S.C. § 636(c). *Wallace v. Kmart Corporation*, 687 F.3d 86, 92 (3d Cir. 2012). The Third Circuit rejected Attorney Rohn's request to reverse the Contempt Order on the merits. *Id.* at 92 n.12.

Following remand from the Third Circuit, the Magistrate Judge vacated his prior Contempt Order and issued a new Order certifying his factual findings to the District Judge. In those certified findings, the Magistrate Judge again found that Attorney Rohn's conduct amounted to civil contempt. (Dkt. No. 841). The case was then reassigned to the undersigned District Judge. (Dkt.

No. 842). Subsequently, the Court held a *de novo* evidentiary hearing at which Attorney Rohn and her opposing counsel testified. (Dkt. No. 884). After the hearing concluded, Attorney Rohn's request for supplemental briefing was granted, and both Attorney Rohn and the Sun Defendants filed additional briefs addressing the issues raised during the contempt hearing. (Dkt. Nos. 886, 890, 891, 893, 894).

Upon consideration of the written record, the evidence adduced at the *de novo* evidentiary hearing and the parties' supplemental briefing, the Court issued an Order and Memorandum Opinion finding that Attorney Rohn failed to comply, without adequate excuse, with a lawfully issued and served subpoena duces tecum, and therefore was in contempt of court. (Dkt. Nos. 895, 896). In its Order, the Court directed the Sun Defendants to submit an application for attorneys' fees and expenses incurred in connection with pursuing their Motion for Contempt. (Dkt. No. 895 at 2). Thereafter, the Sun Defendants filed their Application claiming they incurred $42,251.00 in attorneys' fees and $1,077.33 in expenses in pursuing the contempt motion. (Dkt. No. 897). Attorney Rohn filed her Opposition challenging the hourly rates billed for attorneys' fees and much of the time claimed for work on the contempt proceedings. (Dkt. No. 901). Attorney Rohn also challenged some of the expenses claimed.

## II. APPLICABLE LEGAL PRINCIPLES

In the August 20, 2020 Order, the Court found that the appropriate sanction for Attorney Rohn's contemptuous conduct was to compensate the Sun Defendants for their attorneys' fees and costs in pursuing the Contempt Motion. The purpose of such compensatory sanctions is to restore the injured party to the position it "'would have occupied had [the contemnor] complied with the [court order in question.]'" *Cardionet, LLC v. Mednet Healthcare Techs., Inc.*, 146 F. Supp. 3d 671, 692 (E.D. Pa. 2015) (*quoting Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994)).

5

Generally, when calculating attorneys' fees, including when compensating a party for contemptuous conduct of another, the Court undertakes the two-step "lodestar" analysis. *Paddick v. Butt*, 2018 WL 6830476, at *6 (E.D. Pa. Dec. 27, 2018). Using this analysis, the Court will decide whether the total hours billed were "'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546 at *3 (D.V.I. April 12, 2018) (quoting *Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). The Court will also determine whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543293 at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also LabMD, Inc. v. Tiversa Holding Corp.*, Civil No. 15-92, 2021 WL 1929228, at *3 (W.D. Pa. May 13, 2021) (applying lodestar method when determining attorneys' fees awarded in connection with civil contempt motion); *Beautyman v. Laurent*, Civil No. 17-5804, 2021 WL 1238717, *4 (E.D. Pa. Apr. 2, 2021) (same).

### III. DISCUSSION

#### A. Attorneys' Fees

The Court will first ascertain the reasonable hourly rate for the attorneys' work. The Sun Defendants assert that Attorney Charles E. Engeman's billable rate as a firm Shareholder ranged from $375 to $495 per hour and that Attorney David J. Cattie's time was billed at rates between $285 and $445 per hour. (Dkt. No. 891-2 at 2). Attorney Sofia L. Mitchell's time was billed at $305 per hour. (Dkt. No. 897-1). Counsel also attached Affirmations from other Virgin Islands attorneys that were filed in other cases asserting hourly rates for experienced Virgin Islands

6

attorneys during the relevant time period ranging from $285 to $500 per hour. (Dkt. Nos. 897-3 to 897-4).[3]

Attorney Rohn objects to any billable rate over $200 per hour. (Dkt. No. 901 at 1-3). Attorney Rohn acknowledges that current awards of attorneys' fees range up to $300 per hour but claims that handling a "contempt issue for failing to obey a subpoena is not complex and does not require some extraordinary legal skill warranting an hourly rate that exceeds $200 per hour." *Id.* at 2-3. The Court disagrees. Based on the level of experience of Attorney Rohn and her co-counsel as well as the complexity of the facts and issues ultimately leading to the contempt finding, the Court declines to limit the hourly rate to $200.

Based on the prevailing market rates in this District, the complexity of the issues raised, and the experience of counsel, the Court finds that a reasonable hourly rate for Attorney Engeman is $300 from 2011 to 2014 and $350 from 2015 to the present.[4] The Court further finds that a reasonable hourly rate for Attorney Cattie is $250 from 2011 to 2014 and $300 from 2015 to

---

[3] The Sun Defendants attached an Affirmation signed by Attorney Rohn in 2011 in which she asserted that she charged an hourly rate of $500. (Dkt. No. 897-4). However, the record in that case reflects that the Court awarded attorneys' fees at a rate of $300 per hour for Attorney Rohn's time and $125 per hour for associates' time. *Frank C. Pollara Group LLC v. Ocean View Investment Holding LLC*, Case No. 1:09-cv-60, Dkt. No. 490 at 6-7.

[4] *See, e.g., Roy v. Poleson*, ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Dec. 14, 2018) (allowing $350 per hour to senior attorneys and $275 for associates in complex civil action); *Freund v. Liburd*, No. ST-11-cv-730, 2017 WL 11596465, at *3 (V.I. Super. Dec. 20, 2017) (allowing $340 to $350 per hour for senior partners in complex contract, foreclosure and contribution case); *Flagstar Bank, FSB v. Clouden*, No. 1:2014-cv-026, 2015 WL 3407463, at *4 (D.V.I. May 27, 2015) (allowing $250 per hour to the associates who handled the case); *WDC Miami Inc. v. NR Electrical, Inc.*, No. 1:2013-cv-048, 2015 WL 127852, at *4 (D.V.I. Jan. 8, 2015) (awarding $300 per hour rate for experienced attorneys); *Employees' Retirement Sys. of Gov't of Virgin Islands v. Best Construction, Inc.*, No. ST-08-cv-490, 2013 WL 12461103, at *3 (V.I. Super. July 10, 2013) (awarding attorneys' fees at a billing rate of $275 per hour); *Charley v. STX Rx, Inc.*, No. 1:2004-cv-065, 2011 WL 4025438, at *7 (D.V.I. Sept. 8, 2011) (awarding $300 per hour for experienced counsel and $150 per hour for inexperienced associate attorney).

present. A reasonable rate for the associate identified as Attorney Mitchell—whose level of experience is not discussed in the Affirmation—is $225 per hour.

Having determined the reasonable hourly rates for Defendant's counsel, the Court must determine whether the time claimed by Sun's counsel was "reasonably expended" in pursuing the Motion for Contempt. Time spent (1) on unrelated tasks, (2) that is excessive for the work done, or (3) that is unnecessarily redundant will be excluded. *Phillips*, 2018 WL 1789546 at *3. After determining which fees sought by the Sun Defendants are reasonable and within the scope of the Contempt Order, the Court will adjust the total hours worked as necessary.

Based on the documentation submitted, the Court concludes that portions of the attorneys' fees claimed do not relate to the Sun Defendants' pursuit of its Motion for Contempt. Some of the fees claimed relate to Attorney Rohn's original deposition which—although the triggering event—was not time incurred in pursuit of the subsequent allegations of contempt. In addition, other time claimed appears to be tied to unrelated recusal issues. Accordingly, the following time will be excluded as unrelated to the contempt proceeding.

| DATE | Attorney | Work Description | Time |
|---|---|---|---|
| 08/12/2010 | CEE | Travel; deposition preparation time[5] | 5.40 |
| 09/03/2010 | DJC | Research Mtn Sanctions/Contempt/Quash | 1.50 |
| 09/03/2010 | DJC | Draft Mtn for Sanctions/Contempt/Quash[6] | 1.80 |
| 09/08/2010 | DJC | Complete opposition Mtn to Stay[7] | 1.50 |

---

[5] Because Attorney Rohn's contempt was based on failing to produce documents at her deposition on August 12, 2020, costs incurred in preparation for that deposition are not recoverable.

[6] Both time entries on September 3, 2010, appear to be related to a separate Motion for Contempt in connection with a subpoena issued by Plaintiff for a witness allegedly needed for the recusal hearing, not in connection with Rohn's own deposition. *See* Dkt. No. 677.

[7] The Sun Defendants' Opposition to Attorney Rohn's Motion to Stay the Contempt was filed with the Court on September 7, 2010 (Dkt. No. 681). Therefore, the time billed the day after the Opposition was filed will be denied.

In addition, the Sun Defendants also seek to recover for work incurred when Attorney Rohn pursued an appeal with the Third Circuit from the Contempt Order. Although these fees would not have been incurred had Attorney Rohn complied with the subpoena, it is clear from the Third Circuit's ruling that the procedures used by the Court at that time did not comply with 28 U.S.C. § 636(c). Attorney Rohn prevailed on that appeal—albeit on procedural grounds only—and should not be sanctioned for pursuing a legitimate claim of procedural error. Thus, the Court concludes that the Sun Defendants' time spent on that appeal—time billed between August 1, 2011 and July 26, 2012—will be denied as not properly within the scope of compensable time.

The remaining time listed in the Application has been carefully reviewed and found to be reasonable based on the work described. Therefore, the Court will allow recovery of the following work claimed:

| DATES | Atty | Work Description | Time |
|---|---|---|---|
| 08/17 to 08/25/2010 | DJC | Research and drafting Mtn for Contempt and Response to Respondent's Opposition to Mtn | 10.20 |
| 08/25/2010 | CEE | Review & Edit Response to Opposition to Mtn for Contempt* | 0.40 |
| 09/03 to 09/13/2010 | DJC | Draft Opposition to Mtn to Stay Contempt finding; draft opposition to appeal from Magistrate's contempt order; review Order denying appeal from finding of contempt | 16.5 |
| 12/16/2010 | CEE | Review Order denying appeal on contempt finding* | 0.10 |
| 08/31/2012 | CEE | Review Order vacating prior contempt and certifying facts of contempt for District Court | 0.10 |
| 02/09 to 02/10/2015 | DJC | Review pending motions to prepare for teleconference; participate in teleconference on outstanding motions* | 1.40 |
| 01/14 to 01/15/2019 | CEE | Review and respond to emails from DJC regarding scheduled evidentiary hearing on contempt | 0.20 |
| 01/15/2019 | DJC | Teleconference with Judge Lewis and Attorney Rohn regarding outstanding motions and scheduling of contempt hearing. | 0.50 |
| 05/09 to 05/16/2019 | CEE | Review record and filings to prepare for contempt hearing | 0.4 |
| 07/11/2019 | SLM | Determine and locate documents necessary for exhibits at contempt hearing | 1.0 |

| 07/15 to 07/17/2019 | CEE | Review prior pleadings and documents; research applicable standards; prepare for Contempt hearing; travel to St. Croix; participate in contempt hearing | 13.9 |
|---|---|---|---|
| 07/15 to 07/17/2019 | DJC | Review contempt filings and research burden of proof preparing for contempt hearing; prepare witness for hearing; travel to St. Croix; participate in contempt hearing | 16.0 |
| 09/10 to 09/16/2019 | DJC | Researching and drafting post-hearing opening brief; reviewing hearing transcript | 13.10 |
| 09/13 to 09/16/2019 | CEE | Review and edit post-hearing brief | 0.70 |
| 9/24/2019 | DJC | Review Respondent's Supplemental brief; research issues raised; draft Reply Brief | 4.10 |
| 10/4 to 10/07/2019 | CEE | Review and edit Reply Brief; Review Respondent's final brief | 0.30 |

*Excludes portion of requested time allocated to non-covered tasks.

Based on the foregoing, the Sun Defendants will be permitted to recover 61.8 hours of work by Attorney David J. Cattie, 16.1 hours of work by Attorney Charles E. Engeman, and 1.0 hours of work by Attorney Sofia L. Mitchell. Thus, attorneys' fees will be awarded as follows:

```
Attorney Engeman (2011-2014) 0.6 hours @ $300   = $    180.00
Attorney Engeman (2015-2021) 15.5 hours @ $350 = $  5,425.00
Attorney Cattie (2011-2014) 26.7 hours @ $250    = $  6,675.00
Attorney Cattie (2015-2021) 35.1 hours @ $300    = $10,530.00
Attorney Mitchell (2019) 1.0 hour @ $225          = $    225.00
     Total Attorneys' Fees Allowed                  $23,035.00
```

Accordingly, Attorney Rohn will be ordered to reimburse Sun Constructor's Inc. for attorneys' fees totaling $23,035.00 as compensation for her contemptuous conduct.

### B. Expenses Incurred

In addition to attorneys' fees, the Sun Defendants request an award for expenses totaling $1,077.33. These expenses include travel costs incurred by Attorney Cattie to attend Attorney Rohn's deposition and for Attorneys Engeman and Cattie to attend the contempt hearing. They also request reimbursement for the transcript of the contempt hearing. (Dkt. No. 897-1 at 6, 51). "[J]ust as attorneys' fee awards are remedial and designed to compensate complainants for losses

incurred as a result of the contemnors' violations, so too are awards to cover the other expenses involved in demonstrating violations." *Robin Woods*, 28 F.3d at 400 (internal quotations and citations omitted). Attorney Rohn objects to Defendants' request for reimbursement for the travel expenses related to her original deposition as well as for car rental fees and a hotel fee incurred at the time of the contempt hearing. (Dkt. No. 901 at 7-8).

In reviewing Defendants' requested expenses, the Court agrees that Attorney Cattie's travel expenses relating to his attendance at Attorney Rohn's deposition were not incurred in "pursuing [the] Motion for Contempt." (Dkt. No. 895 at 2). Accordingly, those expenses will be disallowed. The remaining expenses claimed, however, directly relate to the contempt evidentiary hearing on St. Croix. The Court will allow the expenses for hotel and car rental in light of the fact that the hearing did not conclude until approximately 5:30 p.m. Therefore, the Court finds that the remaining $882.33 in expenses are reasonable and Attorney Rohn will be ordered to pay that additional sum to Sun Constructors, Inc. as part of her contempt sanctions.

## IV. CONCLUSION

After a careful review of the record and the arguments of the parties, the Court finds that the Sun Defendants reasonably incurred $23,035.00 in attorneys' fees and $882.33 in expenses in connection with pursuing their Motion for Contempt (Dkt. No. 627). Accordingly, Attorney Rohn will be ordered to pay a total of $23,917.33 to Defendant Sun Constructors, Inc.[8]

An appropriate Order accompanies this Memorandum Opinion.

Dated: July 30, 2021                                        _____/s/_____
                                                            WILMA A. LEWIS
                                                            District Judge

---

[8] Defense Counsel reports that Sun Constructors, Inc. paid for all legal fees and services itemized in the Application. Accordingly, they request that any fees and expenses awarded be paid to Sun Constructors, Inc. (Dkt. No. 897, n.1).