## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **MARK VITALIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 2005-0101** |
| **SUN CONSTRUCTORS, INC.,** ) | |
| **HOVENSA, L.L.C., RICHARD "DOC"** ) | |
| **LANGNER, and EXCEL GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Appearances:**

**Mark Vitalis,** *Pro Se*
        *Plaintiff*
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
        *Former Attorney for Plaintiff*

**Charles E. Engeman, Esq.**
**David J. Cattie, Esq.**
St. Thomas, U.S.V.I.
        *For Defendants Sun Constructors, Inc.*
        *Richard "Doc" Langner, and Excel*
        *Group, Inc.*

**Carl A. Beckstedt, III, Esq.**
St. Croix, U.S.V.I.
        *For Defendant Hovensa, L.L.C.*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Attorneys' Fees and Costs"

filed by Sun Constructors, Inc., Richard "Doc" Langner, and Excel Group, Inc. (collectively, "Sun

Defendants" or "Defendants") (Dkt. No. 553), in which they seek a total of $267,339.00 in

attorneys' fees and $17,405.81 in costs, for a total of $284,744.81 from Plaintiff Mark Vitalis

("Plaintiff"). Plaintiff filed an Opposition to the Sun Defendants' Motion (Dkt. No. 566), which was followed by the Sun Defendants' Reply. (Dkt. No. 569). The Clerk of Court ("the Clerk") issued an Order taxing the full $17,405.81 in costs against Plaintiff and in favor of the Sun Defendants. (Dkt. No. 821). Plaintiff challenged that assessment by filing a Motion for Review of Clerk's Order Taxing Costs ("Motion for Review"). (Dkt. Nos. 822, 822-1). The Sun Defendants filed a Response to Plaintiff's Motion (Dkt. No. 823) and Plaintiff filed a Reply. (Dkt. No. 824).

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Motion for Review and will grant in part and deny in part the Sun Defendants' Motion for Attorneys' Fees and Costs. Upon consideration of the applicable laws, the facts, and the circumstances of this matter, and in the exercise of the Court's discretion, the Sun Defendants will be awarded attorneys' fees in the amount of $14,000.00 and costs in the amount of $6,292.13, for a total of $20,292.13.

## I.     BACKGROUND

### A.     Initial Claims

Because the pending motions require the Court to examine the scope of work performed by the attorneys, a detailed history of the case is necessary to explain the parties' arguments, the amount of attorneys' fees and costs claimed, and this Court's ruling on the pending motions.

In July 2005, Plaintiff filed an employment discrimination lawsuit against various defendants—Sun Constructors, Inc., its employee Richard "Doc" Langner, and Hovensa. (Dkt. No. 1). After filing a First Amended Complaint adding Excel Group, Inc. and Merit Electrical and Instrumentation of Louisiana, Inc. as defendants (Dkt. No. 143-2), Plaintiff then filed a Second Amended Complaint in August 2009. (Dkt. No. 337). In the Second Amended Complaint, Plaintiff alleged, *inter alia*, that Sun Constructors falsely represented to him that they were not hiring for a supervisory carpenter position on a project in which Sun Constructors was engaged at the Hovensa

plant on St. Croix, Virgin Islands. *Id.* at ¶¶ 17-20. Plaintiff contended that he was denied the position based on his color, race, and national origin—namely, because he was a black West Indian. *Id.* at ¶ 21. Plaintiff also alleged that he was hired by Sun Constructors for a non-supervisory carpenter position and then illegally fired by Langner in furtherance of Defendants' discriminatory policies. *Id.* at ¶ 20. Plaintiff further claimed that Hovensa controlled and ratified the business decisions of Sun Constructors, and therefore was liable for Sun Constructors' actions. *Id.* at ¶ 12. Finally, Plaintiff alleged that he had filed a complaint with the Equal Employment Opportunity Commission and received a "right to sue" letter. *Id.* at ¶ 27.

In his Second Amended Complaint, Plaintiff claimed that Defendants' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* (Count I); violated the Virgin Islands' Civil Rights Act ("VICRA"), 10 V.I.C. §§ 1-10, 62 *et seq.* (Count II); breached a contract and breached the duty of good faith and fair dealing (Count III); and intentionally/negligently inflicted emotional distress. (Count IV). *Id.* at 4-5. Finally, Plaintiff claimed that he was entitled to recover punitive damages. (Count V). *Id.* at 6.

### B.    Pretrial Motions and Trial

After significant discovery, the Sun Defendants filed a Motion for Summary Judgment, Memorandum in Support, and Statement of Undisputed Facts. (Dkt. Nos. 253, 254, 255). Defendant Hovensa filed a separate summary judgment motion. (Dkt. Nos. 260, 261). Plaintiff then filed a Memorandum in Opposition along with numerous exhibits. (Dkt. Nos. 317, 318, 319, 320).

About the time that summary judgment motions were filed, it appears that the litigation had generated a significant amount of controversy. The Sun Defendants—through their counsel—repeatedly asserted that Plaintiff's counsel was in violation of Court Orders and Court Rules. (Dkt.

Nos. 271, 274, 330, 335, 357, 399, 480). The Sun Defendants argued in other filings that Plaintiff's counsel had made multiple factual and legal misrepresentations in her pleadings. (*e.g.,* Dkt. Nos. 312, 335). The Sun Defendants filed more than one motion to disqualify Plaintiff's counsel from the case, as well as a motion for sanctions. (Dkt. Nos. 374, 453). Plaintiff also filed a motion for sanctions accusing the Sun Defendants' counsel of an unethical lack of civility. (Dkt. Nos. 340, 359).

Prior to any ruling on the summary judgment motions, the Sun Defendants filed a motion requesting that Judge Finch recuse himself because of alleged *ex parte* communications between Plaintiff's counsel and one of Judge Finch's law clerks. (Dkt. No. 358). Judge Finch granted the motion over Plaintiff's objection. (Dkt. Nos. 358, 360). In October 2009, the case was reassigned to visiting District Judge Timothy Savage. (Dkt. No. 362). At the time that the case was reassigned in 2009, the summary judgment motions were pending.

In early February 2010, the Court granted Hovensa's Motion for Summary Judgment on all claims. (Dkt. No. 400). The Court found that there was no factual basis to conclude that Hovensa controlled Sun Constructors' hiring and firing decisions. *Id.* at 1. The Court later denied as moot Hovensa's multiple pending pretrial motions. (Dkt. Nos. 418-424, 426-427, 430-31).

Prior to the final pretrial conference, Plaintiff notified the Court—in response to a Court Order (Dkt. No. 388)—that he was voluntarily dismissing his breach of contract/breach of the duty of good faith and fair dealing claims (Count III) as to all Defendants. (Dkt. No. 395-1). He also advised the Court that he was withdrawing his federal and local discrimination claims and the punitive damages claims against Defendant Langner, leaving only the intentional/negligent infliction of emotional distress claims pending against him. *Id.* In addition, Plaintiff voluntarily dismissed the claims against Merit Electrical and Instrumentation of Louisiana, Inc. *Id.*

Shortly thereafter, the Court granted summary judgment to Defendants Excel Group and Langner on all claims. The Court also granted summary judgment to Sun Constructors on Counts IV and V—intentional/negligent infliction of emotional distress and punitive damages. (Dkt. No. 493). However, the Court denied Sun Constructors' Motion on Counts I and II which alleged violations of federal and local discrimination laws. *Id.* Because of these summary judgment rulings, the Court again denied several pretrial motions as moot. (Dkt. Nos. 495-498). The Court also ruled on numerous other motions *in limine* (*e.g*., Dkt. Nos. 499-501; 523-532, 536, 538-539).

The trial on Plaintiff's discrimination claims against Sun Constructors was held before a jury between February 23 and February 25, 2010. Ultimately, the jury returned a verdict for Sun Constructors on both counts. (Dkt. No. 548). Several days later, the District Court entered a formal Judgment in favor of Sun Constructors, Inc. (Dkt. No. 549). Plaintiff promptly filed a Notice of Appeal challenging numerous pretrial rulings, the summary judgment rulings, and evidentiary rulings. (Dkt. No. 550).[1]

## C.    Post-Trial Proceedings

Within 14 days of the entry of Judgment, the Sun Defendants filed a "Notice of Motion for an Award of Costs" ("Bill of Costs"), requesting that the Clerk enter an award of costs in their favor, and a "Motion for Attorneys' Fees and Costs" and accompanying memorandum in support. (Dkt. Nos. 552, 553, 554). Defendants base their attorneys' fees claims on 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and 5 V.I.C. § 541. (Dkt. No. 553). Pursuant to Local Rule 54.1, Defendants filed a Declaration of Counsel and an itemization for $356,452.00 in attorneys' fees and

---

[1] This appeal was docketed in the Third Circuit Court of Appeals as Case No. 10-1698.

$17,405.81 in costs that they allege were incurred in defending against Plaintiff's claims.[2] (Dkt. No. 554-1). Defendants seek to recover only the fees related to the three of the four substantive local claims in Plaintiff's Second Amended Complaint—discrimination claims under Title 10 V.I.C. § 64, *et seq.*; breach of contract/breach of the duty of good faith and fair dealing; and intentional/negligent infliction of emotional distress. Arguing that the attorneys' fees they incurred are reasonable, Defendants request that the Court award them three-fourths of those fees, totaling $267,339.00. (Dkt. No. 554 at 7-9). Finally, Defendants argue that as the prevailing party, they also are entitled to recover other costs permitted under Fed. R. Civ. P. 54(d)(1), as well as 5 V.I.C. § 541(a). *Id.* at 9-11.

Following Defendants' filing of the Bill of Costs and Motion for Attorneys' Fees and Costs, Plaintiff filed several responses. First, Plaintiff filed a "Motion to Defer Ruling on Defendants' Motions for Attorneys' Fees and Costs" asking that the motions be held in abeyance until his appeal from the pretrial rulings and jury verdict was decided. (Dkt. No. 560). Plaintiff also filed an Opposition addressing the merits of the Sun Defendants' Bill of Costs and Motion for Attorneys' Fees and Costs. (Dkt. No. 566). He argues that the Sun Defendants are not entitled to attorneys' fees because the focus of his case was the Title VII claim and the Court's authority to award attorneys' fees to defendants under Title VII is extremely limited. *Id.* at 4-10.  In the alternative, Plaintiff argues that if attorneys' fees are awarded, the amount should be reduced to account for the time spent on the federal claims. *Id.* at 13. Plaintiff also contends that the Sun Defendants' three-fourths proportional approach "does not make sense," noting that certain claims

---

[2] Counsel notes that their request for fees does not include over $40,000 in attorneys' fees incurred by another firm which originally appeared on behalf of the Sun Defendants prior to 2008. (Dkt. No. 554-1 at 2).

require more time and effort thus requiring a consideration of the amount of work completed as opposed to the number of claims asserted. *Id.* at 13-14. Plaintiff also argues that any attorneys' fees and costs permitted under Virgin Islands law are discretionary and full reimbursement of those costs is not required by statute. *Id.* at 12. Plaintiff further argues that attorneys' fees should not be awarded for multiple attorneys to attend trial. *Id.* at 14. With regard to costs, Plaintiff also disputes some of Defendants' requests, including travel expenses and non-trial depositions, claiming that they are outside the scope of what can be recovered under the statute. *Id.* at 15-16. Further, Plaintiff argues that his limited financial means is a basis to deny or substantially reduce the Sun Defendants' claims. *Id.* at 16-17.

In their Reply, the Sun Defendants reiterate that they only seek reimbursement for fees billed in defending against Plaintiff's local claims. (Dkt. No. 569 at 1-2). Therefore, the Sun Defendants assert that Section 541 applies to the territorial claims. *Id.* at 3-7. The Sun Defendants also argue, *inter alia,* that Plaintiff's argument that the Sun Defendants spent more time defending against the Title VII claim fails since both that claim and the local discrimination claims involved a similar analysis. *Id.* at 12. In addition, the Sun Defendants argue that they spent a significant amount of time addressing the local claims as evidenced by their Motion for Summary Judgment. *Id.* at 13. Further, the Sun Defendants contend that they should not be restricted to seeking reimbursement for only one attorney's time spent at trial. *Id.* at 14. Finally, the Sun Defendants state that Plaintiff's limited financial means is not a basis upon which an award of costs should be waived. *Id.* at 18-20.

After the costs and attorneys' fees issues were fully briefed, Judge Savage denied Plaintiff's Motion to Defer Ruling on the issues. (Dkt. No. 571). Instead, the Court scheduled a hearing to address the outstanding costs and attorneys' fees issues. (Dkt. No. 573). Before the

hearing took place, however, Plaintiff filed a Motion for Recusal of Judge Savage. (Dkt. No. 579). The recusal motion was vigorously contested. In September 2011, Judge Savage entered an Order denying Plaintiff's Motion to Recuse. (Dkt. No. 794).

After the recusal issue was resolved, the Clerk of Court taxed costs against Plaintiff in favor of the Sun Defendants, awarding them the full $17,405.81 requested. (Dkt. No. 821). Plaintiff responded with a Motion for Review of the Clerk's Order Taxing Costs, citing Fed. R. Civ. P. 54(d)(1) and LRCi 54.1(d). (Dkt. No. 822-1 at 1). In his Motion for Review, Plaintiff requests a *de novo* review by the Court of the Clerk's Order taxing costs and reincorporates by reference the arguments he made in his earlier filings with regard to the Sun Defendants' request for costs. (Dkt. No. 822-1 at 2-3). Plaintiff also requests that the Court vacate entirely the Clerk's Order, or, in the alternative, reduce the award of costs. *Id.* The Sun Defendants filed a Response arguing that the Clerk's Order should be affirmed. (Dkt. No. 823). In his Reply, Plaintiff reiterates that Sun Defendants have requested certain costs that are not recoverable, specifically arguing that the Sun Defendants did not use all the depositions at trial and that Sun Defendants have failed to provide any authority to support its request for trial related travel expenses. (Dkt. No. 824). A hearing was then held on the Motion for Attorneys' Fees and Costs in which the parties essentially argued the positions advanced in their respective written submissions. (Dkt. No. 833).

In July 2012, the Third Circuit Court of Appeals issued its decision in Plaintiff's direct appeal. *Vitalis v. Sun Constructors, Inc.*, 481 F. App'x 718 (3d Cir. 2012); (Dkt. No. 838-1). In its Order, the Third Circuit rejected Plaintiff's arguments that the District Court misinterpreted federal and local discrimination laws by barring his claim that Sun Constructors refused to hire "locals." *Id.* at 481 F. App'x at 721-22. The Court found that Plaintiff presented evidence about alleged discrimination against "locals" or "local Virgin Islanders," but presented no evidence of

discrimination against "black West Indians." *Id.* at 721. Essentially, the Third Circuit rejected every claim of error that Plaintiff raised on appeal.

The instant case was subsequently reassigned to the undersigned judge. (Dkt. No. 842). This Memorandum Opinion will address the Sun Defendants' Motion for Attorneys' Fees and Costs seeking attorneys' fees in the amount of $267,339.00 and costs in the amount of $17,405.81 under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and 5 V.I.C. § 541. (Dkt. No. 553). The Court also will address Plaintiff's Motion for Review of the Clerk's Order Taxing Costs challenging the Clerk's Order taxing $17,405.81 against Plaintiff, and requesting a *de novo* review by the Court. (Dkt. No. 822-1).

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Attorneys' Fees

Both federal and Virgin Islands laws prohibit discrimination in employment decisions when those decisions are based on an employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e, *et seq.*; 10 V.I.C. § 64(1)(a). However, the statutes apply different standards when determining whether to award attorneys' fees to a prevailing defendant in an action claiming unlawful discrimination.

### 1.    Attorneys' Fees Under Title VII

Under Title VII of the Civil Rights Act, "a prevailing party is entitled to seek reasonable attorneys' fees and costs." *Napold v. Parvatishver, LLC*, Civil Action No. 17-584, 2018 WL 1089680, at *7 (W.D. Pa. Feb. 28, 2018) (quoting 42 U.S.C. § 2000e-5(k)). "A 'prevailing party' is one that 'succeeded on any significant issue in the litigation which achieves some of the benefit the party sought in bringing the suit.'" *Ward v. Philadelphia Parking Auth.,* 634 F. App'x 901, 903 (3d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Despite the broad language of § 2000e-5(k), the statute has always been applied differently depending upon whether the plaintiff or defendant is the prevailing party. Federal courts have long recognized that "[p]revailing plaintiffs should ordinarily recover an attorneys' fee unless special circumstances render such an award unjust." *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 750-51 (3d Cir. 1997) (internal citations and quotations omitted). In contrast, the United States Supreme Court has imposed a different standard for awarding attorneys' fees to a prevailing defendant. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978). Under *Christiansburg Garment*, for a prevailing defendant to recover attorneys' fees, the defendant must show that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Supreme Court found that "assessing attorneys' fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id.* at 422.

In determining whether an unsuccessful plaintiff's civil rights claims are frivolous for purposes of 42 U.S.C. § 2000e-5k, the Third Circuit has considered various factors as guideposts. A non-exhaustive list of those factors includes: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle the claim; and (3) whether the case was dismissed before trial. *L.B. Foster Co.*, 123 F.3d at 751. Courts have identified additional factors, such as whether the case involved an issue of first impression; whether the case was based on a real threat of injury to the plaintiff; and whether the trial court found the suit frivolous. *See Ullman v. Superior Court of Pennsylvania*, 603 F. App'x 77, 79 (3d Cir. 2015) (considering all the listed factors).

### 2.  Attorneys' Fees Under Virgin Islands Law

Under Virgin Islands law, costs generally are allowable to a prevailing party in litigation, including reasonable attorneys' fees. 5 V.I.C. § 541. The decision on whether to allow attorneys' fees and the amount to be awarded to the prevailing party is not a matter of right, but is allowed based upon the exercise of discretion by the trial court. *See Rodriguez v. Spartan Concrete Prod., LLC,* Civil Action No. 12-29, 2019 WL 1306259, at *3 (D.V.I. Mar. 22, 2019) (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc*., 18 V.I. 275, 277 (D.V.I. 1981)); *see also Sebastian v. Estate of Fredericks*, 22 V.I. 78, 86 (V.I. Terr. 1986). While the Virgin Islands Supreme Court noted that attorneys' fees awarded to a party are "not [necessarily] the whole amount charged by the attorney," the "award should represent a 'fair and *reasonable* portion of . . . attorney's fees incurred." *Hansen v. Bryan,* 68 V.I. 603, 617 (2018) (emphasis added) (citing *Kalloo v. Estate of Small*, 62 V.I. at 584 n. 11 (2015).

Notwithstanding the Virgin Islands statute, however, both federal and local courts consistently have held that Section 541's attorneys' fees provision does not apply to claims brought under federal law. *Thorstenn v. Barnard*, 883 F.2d 217, 218 (3d Cir. 1989) (finding attorneys' fees provision of 5 V.I.C. § 541 does not apply to federal claims); *see also Figueroa v. Buccaneer Hotel Inc*., 188 F.3d 172, 183 (3d Cir. 1999) (Section 541 is only applicable to attorneys' fees for the prevailing party for Virgin Islands' territorial claims); *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir. 1990) (reversing award of attorneys' fees because local statute directly conflicts with federal maritime law, which does not allow for attorneys' fees); *Hendricks v. Transp. Services of St. John*, *Inc*., 41 V.I. 21, 33 (Terr. V.I. 1999) (attorneys' fees are not available in maritime cases, even under the "saving to suitors clause," because the local statute conflicts with federal maritime law's use of the American Rule as to claims for attorneys' fees). When non-federal claims based upon

diversity jurisdiction are asserted in federal court, however, this Court is required to look to local law to determine what "costs," if any, are recoverable by a prevailing party. *Mendez v. Puerto Rican Intern'l Companies, Inc.*, No. CV 05-174, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015).

In determining recoverable "costs" for Plaintiff's local claims,[3] the Virgin Islands fee-shifting statutes apply. *Williams v. Ranger American of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Mendez*, 2015 WL 720974, at *2). At the time of the key events in this case, 5 V.I.C. § 541 of the Virgin Islands Code permitted the prevailing party to recover attorneys' fees at the court's discretion. 5 V.I.C. § 541(a)(6). "The purpose of Section 541 is to indemnify the prevailing party and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Mendez*, 2015 WL 720974, at *2 (*quoting Hodge v. Super. Ct. of the V.I.*, No. CIV.A. 07-87, 2009 WL 4543629, at *1 (D.V.I. Nov. 24, 2009) (emphasis added). Under Section 541, a prevailing party is defined as "a party in whose favor a decision and judgment [are] rendered." *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, Case No. ST-17-CV-77, 2017 WL 6316625, at *1 (V.I. Super. Dec. 5, 2017).

---

[3] Prior to the adoption of Act 7323 in 2011 by the Virgin Islands Legislature, the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. § 64 *et seq.*, did not contain an explicit provision that permitted a private cause of action, nor did it explicitly provide for the recovery of costs or attorneys' fees. Nonetheless, courts had found that VICRA permitted a plaintiff claiming a violation to bring a private cause of action. *See, e.g.*, *Frorup-Alie v. V.I. Housing Finance Authority (VIHA)*, No. CIV. 2000-0086, 2004 WL 1092317, at *2 (D.V.I. March 12, 2004) (reiterating that a private cause of action for discrimination exists under 10 V.I.C. § 64). Additionally, in the absence of a costs provision in any local statute, Virgin Islands courts routinely apply the more general "costs" provisions found in 5 V.I.C. § 541(a)(6). *See, e.g.*, *Mendez*, 2015 WL 720974, at *4. Because the alleged discriminatory acts, the filing of the lawsuit, and the entry of judgment in this case all occurred prior to the adoption of Act 7323 in 2011, this Court will rely solely on Section 541(a)(6) as it was written and interpreted before the 2011 amendments.

Section 541 gives the Court broad discretion when determining whether to award attorneys' fees and the amount of such fees. In determining the appropriate award of attorneys' fees to assess, if there is no contractual agreement, the court may allow "such sums as the [C]ourt in its discretion may fix by way of indemnity for [the prevailing party's] attorneys' fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(b). If a Court concludes that fees should be awarded, it then considers the so-called lodestar factors: "time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation" to determine the amount of "reasonable" attorneys' fees the prevailing party incurred in the case. *Newrez LLC v. Plaskett*, Civil Action No. 2015-0070, 2023 WL 6390069, at \*10 (D.V.I. Sept. 30, 2023); *Staples v. Ruyter Bay Land Partners*, *LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at \*1 (D.V.I. Feb. 6, 2008) (citing cases).

### 3. Attorneys' Fees in Mixed Federal/State Cases

As with many cases filed in the District Court, Plaintiff's Second Amended Complaint includes claims under both federal and local law. As a result, the parties strongly disagree on which standard for awarding attorneys' fees should be applied.

The Sun Defendants focus on 5 V.I.C. § 541 in seeking attorneys' fees incurred in defending only the non-federal claims. (Dkt. No. 554 at 3). Because three of the four claims are local claims, Sun Defendants request three-fourths of the attorneys' fees they reasonably expended in this case. *Id.* at 7.

Plaintiff, on the other hand, argues that Section 541 does not apply in this case because his claims included a federal claim under Title VII. (Dkt. No. 566 at 4-6). Plaintiff alternatively asserts that the "gravamen" of his case was the Title VII claim based on federal law; therefore, he maintains that the restrictive rules of the federal statutes should apply. *Id.* at 6. Plaintiff also argues

13

that the same principles enunciated in *Christiansburg Garment* should apply in any case where a federal claim is predominant. *Id.* Plaintiff further maintains that the clear policy in favor of "eradicating discrimination" is undermined if a plaintiff is subject to attorneys' fees for the territorial claims. *Id.* at 7. Thus, Plaintiff argues that because his claims were not frivolous or unreasonable, no attorneys' fees should be assessed. *Id.* at 9-11.

Courts have awarded varying amounts of attorneys' fees in cases involving both federal and state law claims. Generally, where a party has prevailed on both local and federal claims and the federal claims are not frivolous, "the court must subtract fees and costs associated with [the] federal claims." *Dorval v. Moe's Fresh Market*, Civ No. 16-61, 2019 WL 668217, at *2 (D.V.I. 2019) (quoting *Figueroa,* 188 F.3d at 183). Some courts have found it appropriate to apply a proportional method in determining how much in attorneys' fees should be assessed in a mixed federal-local law case. *Smith v. Virgin Islands Port Auth.*, Civil Action No. 02-227, 2013 WL 152178, at *3 (D.V.I. Jan. 11, 2013), *aff'd*, 568 F. App'x 169 (3d Cir. 2014); *see also L & J Crew Station, LLC v. Banco Popular de Puerto Rico*, No. CIV. 2003-11, 2004 WL 2538500, at *2 (D.V.I. Nov. 9, 2004) (applying a proportional approach by limiting fees to only the territorial claim which was one of seven claims).

Despite the lack of consistency among judicial decisions, the fundamental rule remains that determining whether and how much to award in attorneys' fees in mixed federal/local cases simply turns on the court's discretion based upon the facts of the case.

**B.    Costs**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and LRCi 54.1, the responsibility for assessing post-judgment costs is divided between the Clerk and the Court. A

14

party dissatisfied with the Clerk's assessment may file a motion seeking review of that decision within seven days. Fed. R. Civ. P. 54(d)(1); LRCi 54.1(d).

Fed. R. Civ. P. 54(d) provides, in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a "'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462. In the Third Circuit, "if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." (emphasis in original). *Id.* at 464. It is only if the losing party introduces clear evidence of indigency, and the district court can articulate equitable reasons, should costs be reduced or denied to the prevailing party." *Id.* at 468. This is so because the denial of such costs is akin to a penalty. *Reger v. The Nemours Found., Inc*., 599 F.3d 285, 288-89 (3d Cir. 2010) (citing *ADM Corp. v. Speedmaster Packaging Corp*., 525 F.2d 662, 665 (3d Cir.1975). In other words, "a finding of indigence does not require the District Court to reduce costs to zero." *Nw. Mut. Life Ins. Co. v. Babayan*, 253 F. App'x 205, 207 (3d Cir. 2007).

Courts may consider the following factors when deciding whether equity justifies a reduction or denial of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) ... the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger,* 599 F. 3d at 288 n.3 (quoting *In re Paoli*, 221 F.3d at 468). "'In assessing the plaintiff's indigency or modest means . . . a court should measure [the] plaintiff's financial condition as it compares to whatever award the court decides to tax against

him or her.'" *Thomas v. Centennial Commc'ns Corp.*, No. 3-163, 2018 WL 4928973, at *1 (D.V.I. Oct. 11, 2018) (quoting *Yudenko v. Guarinni*, Civil Action No. 2006-4161, 2010 WL 2490679, at *4 (E.D. Pa. June 15, 2010) (citing *In re Paoli* for proposition that no "hard and fast rules" exist for assessing a losing party's indigency and that "district courts should use their common sense in making that determination").

While Rule 54(d) provides the mechanism for allowing costs, the type of items that may be taxed as costs is governed by statute. The general federal statute defining allowable "costs" is 28 U.S.C. § 1920, which permits the recovery of certain fees and expenses. Section 1920, however, is not applicable to the District Court of the Virgin Islands. *See Santillan v. Sharmouj*, 289 F. App'x 491, 497 (3d Cir. 2008) (citing *Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988) (noting that Section 1920 applies to a "court of the United States" as defined by 28 U.S.C. § 451, but the District Court of the Virgin Islands does not fall within that definition)).

Notes to 5 V.I.C. § 541 explain how Rule 54(d)(1) applies to the assessment of costs in the Virgin Islands:

> This Rule specifies when costs are allowed, and the procedure for taxing them, but it does not provide what items are included in costs. 28 U.S.C. §§ 1911-1929, which cover the latter subject, are not applicable to the district court of the Virgin Islands under 28 U.S.C. § 451. Therefore, it appears that local provisions, such as the present section [5 V.I.C. § 541], are needed to determine what costs shall be allowed.

Federal courts have acknowledged the accuracy of the Code's comments. *See Dr. Bernard Heller Foundation*, 847 F.2d at 87 (applying Section 541 in diversity action filed in District Court); *Virgin Diving, LLC v. M/V Alyeska*, Civil No. 2016-52, 2018 WL 4766993, at *2 (D.V.I. Feb. 5, 2018) (same).

16

## III.    DISCUSSION

### A.    Entitlement to Attorneys' Fees

In his Opposition to Defendants' request for attorneys' fees, Plaintiff asserts that the gravamen of his case was discrimination in violation of Title VII, and therefore focuses on whether the Sun Defendants are entitled to fees under federal law. (Dkt. No. 566 at 6). Based upon the standards applied under 42 U.S.C. § 2003(k) and 28 U.S.C. § 1988, defendants are not entitled to attorneys' fees in successfully defending a Title VII claim, unless the plaintiff's action was frivolous, unreasonable, or without foundation. *See Christiansburg Garment*, 434 U.S. at 421-22.

In the instant case, the Court denied the Sun Defendants' Motion for Summary Judgment as to Plaintiff's federal and local discrimination claims. (Dkt. No. 493). Thus, Plaintiff established a sufficient Title VII claim to proceed to trial against Sun Constructors. On the other hand, Plaintiff withdrew his federal claim against Defendant Langner after summary judgment briefing, and summary judgment was granted against him on his federal claim against Defendant Excel Group. (Dkt. Nos. 395-1, 493). Notwithstanding this mixed victory, and although Sun Constructors ultimately received a favorable verdict at trial, there was no finding by the trial court, nor is there any evidence that Plaintiff's claims were "frivolous." Accordingly, attorneys' fees are not appropriate under Title VII.

While Plaintiff attempts to focus on the Title VII claims in addressing the attorneys' fees issue, he also pursued various claims based on local law. In this regard, Plaintiff pursued discrimination claims under VICRA, 10 V.I.C. § 64 *et seq.,* as well as claims for breach of contract/breach of the duty of good faith and fair dealing, and intentional/negligent infliction of

emotional distress. (Dkt. No. 337).[4]

One reason to include a "mirror" discrimination claim under VICRA—when it is undisputed that the employer has the number of employees to fall within the scope of Title VII—is the extent of damages available. As the Virgin Islands Supreme Court has noted:

> Both Title VII and the VICRA allow a plaintiff to recover compensatory damages, punitive damages, and attorneys' fees. *See* 10 V.I.C. § 64 (15); 42 U.S.C. § 1981a. But unlike Title VII, the VICRA does not place a cap on those damages. *Compare* 10 V.I.C. § 64 (15) (providing that a plaintiff suing under the VICRA may recover compensatory damages, punitive damages, and attorneys' fees and being silent on any cap on those damages), with 42 U.S.C. § 1981a(b)(3) (setting forth the limitations on compensatory damages and punitive damages under Title VII). To [the plaintiff's] favor, the VICRA, unlike Title VII, afforded him the opportunity to recover damages without a limit.

*Reynolds v. Rohn*, 70 V.I. 887, 896-97 (2019).

Moreover, Plaintiff vigorously contested the Sun Defendants' Motion for Summary Judgment with respect to all claims, including the claims based on Virgin Islands law.[5] (Dkt. No. 321 at 44-56). Accordingly, the Court rejects Plaintiff's argument that the gravamen of his action was focused on Title VII and that the Court should restrict its consideration of attorneys' fees to a Title VII analysis.

Plaintiff argues that Section 541 does not apply in this case because his claims included a federal claim under Title VII. (Dkt. No. 566 at 4-6). However, he relies on various cases that are

---

[4] Although Plaintiff's Second Amended Complaint included a standalone count for punitive damages, the Court does not consider it as a substantive claim. *See Matos v. Nextran*, Civil No. 2008-65, 2009 WL 2477516, at *7 ("[I]t is well-established law that a punitive damages claim cannot stand alone.") (citations omitted)). The Sun Defendants also do not include the punitive damages count as a substantive claim in their attorneys' fees analysis.

[5] Although Plaintiff ultimately abandoned his breach of contract/breach of the duty of good faith and fair dealing claims (Count III) as to all Defendants and withdrew all but one claim—a local claim—against Defendant Langner (Dkt. No. 395-1), those claims were abandoned only after the summary judgment motions were fully briefed.

inapt, in that *only* federal claims were asserted in those actions. *See, e.g.*, *Thorstenn v. Barnard*, 883 F.2d at 218 (action based solely on claims under 42 U.S.C. § 1983 and relying on the Privileges and Immunities Clause); *Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp.*, 598 F. Supp. 45, 47 (D.V.I. 1984), *aff'd*, 760 F.3d 259 (3d Cir. 1985) (costs under § 541 not available in admiralty cases which are "peculiarly federal in nature"). This argument, therefore, lacks merit.

Plaintiff also asserts that because the policies underlying VICRA and Title VII are the same, the restriction on assessing fees under Title VII should also apply to VICRA. (Dkt. No. 566 at 6). As noted above with regard to remedies, however, it is clear from the difference in the analytical framework that the policy considerations underlying the two statutes are not identical. Further, the legal standards under Title VII and VICRA also differ. *See, e.g.*, *Reynolds*, 70 V.I. at 897 (noting that VICRA provides a lower burden of proof than Title VII which requires the plaintiff to prove his claim under the *McDonnell-Douglas* burden-shifting framework); *see also Rennie v. Hess Oil Virgin Islands Corp.*, 62 V.I. 529, 552 (2015) (noting that the Virgin Islands Supreme Court has rejected the *McDonnell-Douglas* framework for interpreting the Virgin Islands Civil Rights Act). Moreover, this Court must be mindful of the Virgin Islands Legislature's express adoption of 5 V.I.C. § 541, which allows a prevailing party—including a defendant—to recover a reasonable amount in attorneys' fees when successfully defending itself in a lawsuit, even if the plaintiff's claims are not frivolous.[6] *Phillips v. FirstBank Puerto Rico*, No. CV 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (citing *Smith*, 2013 WL 152178, at *2 (internal quotations omitted). The statute is designed "to indemnify the prevailing party, ... [who] should not have to

---

[6] The one exception expressed by the Legislature in 5 V.I.C. § 541 is in cases involving personal injury claims. In those types of cases, the statute permits attorneys' fees to be awarded to a prevailing defendant only if the action is found to be frivolous. 5 V.I.C. § 541(b). The Court is unaware of any cases in which Virgin Islands courts have classified discrimination claims as "personal injury" claims. Therefore, this exception does not apply.

bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Paul v. Hovensa*, *LLC*, Civ. No. 2007-0051, 2013 WL 2468169, at *3 (D.V.I. June 7, 2013) (internal citation omitted). In fact, Virgin Islands courts have broadly applied § 541, even when applicable statutes expressly only allow costs to one party. *See, e.g.*, *Hansen*, 68 V.I. at 613 (while 18 V.I.C. § 412 provides for awarding costs "if a petition is dismissed," it may be harmonized with 5 V.I.C. § 541 by having section 412 control instances where a petition is dismissed, and by having section 541 govern cases where petitions are not dismissed); *see also Hodge*, 2009 WL 4543629 at *2 (although local Whistleblower's Protection Act, 10 V.I.C. § 121 *et seq.*, only explicitly allows for an award of attorneys' fees and costs to a prevailing complainant, this does not bar use of 5 V.I.C. § 541 to allow recovery by prevailing defendant).

In view of the foregoing, the Court finds that attorneys' fees can properly be recovered by the Sun Defendants in this matter under Virgin Islands law. Thus, the Court must determine the extent to which such fees should be awarded.

### B.    Fee Award Analysis

As noted above, in determining what "reasonable" attorneys' fees were incurred by the Sun Defendants, the Court must consider "time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Newrez LLC*, 2023 WL 6390069, at *10. Three of these factors can be summarily addressed.

First, it is clear that the Sun Defendants' counsel was successful in obtaining summary judgment for Excel and Langer, and summary judgment on two of the four claims against Sun Constructors. Counsel then obtained a favorable jury verdict on the two remaining claims against their client. Thus, Defendants' counsel provided a significant benefit to their clients. (Dkt. Nos. 493, 549).

As for the skill required, the Court recognizes that employment discrimination cases can be challenging to litigate for a variety of reasons. This case, at its core, was a relatively standard employment discrimination case with the types of discovery and issues typical in cases involving larger employers. It became more complicated and required a greater expenditure of time and skill for several reasons including: (1) Plaintiff's inclusion of Hovensa and other entities, who were not his direct employers; (2) Plaintiff's on-going disclosure of new witnesses and evidence after discovery had closed, and the additional filings resulting from these belated discovery disclosures;[7] and (3) the filing of numerous cross-motions by Plaintiff and Defendants, and allegations of misconduct. Thus, more time, effort, and skill were required on this matter than might otherwise have been necessary.

Finally, with respect to the certainty of compensation, there appears to be little doubt that the Sun Defendants' counsel would be able to receive compensation from their clients. The Sun Defendants appeared throughout to be stable businesses with the means to compensate their attorneys. There is no evidence that defense counsel risked non-payment and there has been no request for additional compensation because of any risk the attorneys took of not being paid.

Accordingly, the Court will focus on the two remaining factors. First, the Court must consider the "customary" charges for services in this locale. In its Motion and supporting Declaration, the Sun Defendants request $267,339.00 in attorneys' fees between 2006 and 2010, when judgment was entered. The hourly rate they claim for attorneys' fees ranges from $290 to

---

[7] For example, after the Sun Defendants filed their Motions for Summary Judgment as well as a Motion *in Limine* to exclude two of Plaintiff's experts (Dkt. Nos. 256, 263), Plaintiff then produced "Rebuttal Reports" from the expert. (Dkt. Nos. 268, 269). Plaintiff also opposed summary judgment by referring to the testimony of witnesses from other cases involving other employers (Dkt. Nos. 334, 335); attempted to insert new claims into the case to refute summary judgment (Dkt. No. 335 at 9); and submitted an additional affidavit from a previously undisclosed witness well after summary judgment motions were filed (Dkt. No. 354).

21

$375 per hour for Managing Shareholder Charles E. Engeman, Esq.; $250 to $285 per hour for David J. Cattie, Esq. ("Attorney Cattie")[8]; and $260 to $375 for other attorneys who assisted in the case. (Dkt. No. 554-1 at 2). The firm also charges $145 to $160 per hour for Martia Aldonza, a non-attorney. *Id.*

In order to assess fees under 5 V.I.C. § 541, the Court considers prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 708 (3d Cir. 2005), as amended (Nov. 10, 2005) (citing *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Rodriguez,* 2019 WL 1306259, at *5 (rejecting claims in a FLSA and employment case of $400 per hour for experienced counsel); *Williams*, 2017 WL 2543293 at *2 (reducing rate for experienced counsel and noting that $400 per hour was not reasonable rate).

For some time, courts applying section 541 have determined that "a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *George v. Allison Indus. Servs.*, Civil Action No. 2020-0107, 2024 WL 111820, at *3 (D.V.I. Jan. 10, 2024) (quoting *Williams,* 2017 WL 2543923 at *2; *see also Barefoot Architect, Inc v. Bunge*, Civil Action No. 2004-99, 2014 WL 12744795, at *11 (D.V.I. April 29, 2014) (allowing attorneys' fees for local counsel in copyright/breach of contract case between 2004 and 2009 at $185 to $225 per hour for partners). Only more recently have courts found that billing rates up to $350 per hour was within "the customary and reasonable rate" for experienced attorneys. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 in attorneys' fees based on the attorney's level of experience); *High Times VI*

---

[8] The Sun Defendants do not identify the hourly rate for Attorney Cattie for the year 2007. (Dkt. No. 554-1 at 2). However, based on the amount billed of $10,100 for 40.40 hours of work, the hourly rate is calculated as $250.00.

*Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Roy v. Poleon*, No. ST-13-CV-525, 2018 WL 6721399 at *4 (V.I. Super. 2018) (rates of $350 for in-court services and $300 for other services as fair and reasonable for an attorney); *Yearwood Enterprises, Inc.*, 2017 WL 6316625, at *1 (permitting attorneys' fees at $350 per hour in antimonopoly case).

To determine a reasonable rate in this case, the Court will focus on the time in which these fees were incurred while considering the skill, experience, and reputation of the attorneys involved. For the time period of 2005 to 2010, the Court finds that a reasonable hourly rate for Attorney Engeman is $275 per hour for 2006 through 2008 and $300 per hour for 2009 through 2010. Likewise, Attorney Cattie's and the remaining attorneys' hourly rates will be calculated at $225 per hour for 2006 through 2008 and $250 per hour for 2009 through 2010.

Based on the record, the Court assumes that Martia Aldonza, who is not licensed as an attorney in the Virgin Islands, served as a paralegal or legal assistant to the firm. The Virgin Islands Superior Court has generally found that under 5 V.I.C. § 541 paralegal fees are not recoverable because they are considered law firm overhead costs. *See, e.g.*, *Roy*, 2018 WL 6721399, at *3 (citing various Superior Court opinions disallowing such fees and noting the Virgin Islands Supreme Court's silence on the issue). Likewise, absent clear language in controlling contracts, this Court has generally followed the Superior Court's lead and disallowed paralegal fees.[9] *See*

---

[9] The Court acknowledges that there are inconsistent opinions in the District Court and the Superior Court on this issue, but the prevailing view in the Superior Court still appears to disallow the billing of paralegal work as part of a party's attorneys' fees, considering them instead as overhead costs. *See, e.g.*, *Bobax Ventures, LP v. Inner Circle Logistics, Inc.*, 75 V.I. 214, 224 (V.I. Super. Jan. 25, 2022) (denying plaintiff's request for paralegal fees and noting that 5 V.I.C. § 541 does not include paralegal fees in list of costs that may be allowed); *Lakeview Loan Servicing, LLC v. Singh*, Civil No. SX-16-CV-541, 2021 WL 3214782, at *4 (V.I. Super. July 28, 2021) (noting that

*United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *10 (D.V.I. Oct. 31, 2016) (while paralegals can provide more cost-effective service, the Court will follow the lead of local courts in disallowing paralegal fees). Consequently, hours billed by Martia Aldonza will be disallowed.

Upon review of the billing records, the Court has found some duplicative and excessive billing entries by the Sun Defendants' counsel and has reduced the hours requested where appropriate. These hours were generally reduced from tasks related to preparation for depositions and the summary judgment motion.[10]

However, the Court will not, as Plaintiff requests, reduce the time billed by Attorneys Engeman and Cattie because more than one attorney attended the trial on behalf of the Sun Defendants. Courts have found that "'prevailing parties are not barred as a matter of law from

---

Title 5 V.I.C. § 541 would not allow plaintiff to recover paralegal fees, but allowing such fees under the terms of the Note and Mortgage); *Kokinda v. Thelusma*, No. SX-13-CV-254, 2017 WL 3612352, at *3 (V.I. Super. Aug. 18, 2017) (paralegal fees not recoverable under 5 V.I.C. § 541); *Gov't of the V.I., Dep't of Educ. v. St. Thomas/St. John Educ. Admr's Ass'n Local 101*, No. ST-13-CV-499, 2017 WL 3379568, at *2 (V.I. Super. Aug. 1, 2017) (rejecting claims for work performed by paralegals and non-attorney staff as the claims are part of normal overhead costs); *Creative Minds, LLC v. Reef Broadcasting, Inc.*, No. ST-11-CV-131, 2014 WL 4908588, at *4 (V.I. Super. Sept. 24, 2014) (disallowing paralegal fees as overhead); *Mahabir v. Heirs of George*, Civil No. St. 09-CV-231, 2014 WL 1392954, at *1 (V.I. Super. Apr. 4, 2014) (same); *Chapa v. Sepe*, No. ST-12-CV-504, 2013 WL 8609242, at *1 (V.I. Super. June 3, 2013) (finding no authority for the awarding of fees for paralegals); *In re Estate of Vialet*, 24 V.I. 16, 27 (V.I. Terr. 1988); *but see LPP Mortg., Ltd. v. Carpenter*, Civil Action No. 09-15, 2022 WL 4000926, at *3 (D.V.I. Sept. 1, 2022) (allowing for paralegal fees); *In re Estate of Benjamin*, 70 V.I. 110, 117-18 (V.I. Super. Feb. 21, 2019) (citing District Court opinion finding that the term "attorneys' fees" embraces paralegal fees); *Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.*, Civil Action No. 01-44, 2013 WL 163830, at *7 (D.V.I. Jan. 10, 2013) (allowing paralegal billing except for purely clerical tasks).

[10] For example, it appears that Attorney Cattie billed almost 200 hours for summary judgment preparation and drafting between May 2008 and April 2009. (Dkt. No. 554-1 at 18-26, 27-29, 32). The Court will reduce the number of hours to 150. To address both duplicative and excessive billing, the Court will reduce the billable time by 105.68 hours (2007: 9.75 hours; 2008: 36.1 hours; 2009: 33.4 hours; 2010: 26.43 hours).

receiving fees for sending . . . an extra lawyer into court to observe and assist." *Poff v. Prime Care Med., Inc.*, No. 1:13-CV-03066, 2016 WL 3254108, at *8 (M.D. Pa. June 14, 2016) (citing cases for proposition that using a second attorney is reasonable and necessary for planning, strategy, and eliciting testimony); *Wallis v. BNSF Ry. Co.,* No. C13-40*,* 2014 WL 1648472, at *4 (W.D. Wash. Apr. 23, 2014) (finding that the presence of two attorneys at trial to be reasonably necessary given the nature and complexity of the case and declining to reduce hours); *But see Elliot v. US Inspect Grp., Inc.*, No. CV 19-3319, 2020 WL 2933676, at *3 (E.D. Pa. June 3, 2020), amended, No. CV 19-3319, 2020 WL 7705881, at *3 (E.D. Pa. July 6, 2020) (reducing time billed for associate who joined case five days before trial, spent majority of time billed on travel and attending trial, and did not participate in trial or question any witnesses where case was not complicated or difficult). While Attorney Engeman may not have participated directly in the trial, he had previously participated in the proceedings at the outset of the case, and it is reasonable to conclude that he provided assistance to Attorney Cattie during the defense of the case at trial. Because the Court finds that these fees were reasonably necessary and not excessive, the Court will deny Plaintiff's request to reduce the time spent by Attorneys Engeman and Cattie at the trial.

Based upon a review of counsel's billing records and the activity reflected in both the Court's files and the billing records, the amount of hours that the Court will allow for consideration is set forth in the following chart.

| Year | Attorney | Hours Requested | Rate Requested | Hours Allowed | Rate Allowed | Total Allowed |
|---|---|---|---|---|---|---|
| 2006 | C.E. Engeman | .5 | $290 | .5 | $275 | $137.50 |
| 2007 | C.E. Engeman | 7.6 | $325 | 7.6 | $275 | $2,090.00 |
|  | D.J. Cattie | 40.4 | $250 | 31.25 | $225 | $7,031.25 |
|  | J.R. Muller | 20.50 | $260 | 19.9 | $225 | $4,477.50 |
| 2008 | C.E. Engeman | 2.3 | $350 | 2.3 | $275 | $632.50 |
|  | D.J. Cattie | 310.60 | $265 | 274.5 | $225 | $61,762.50 |
| 2009 | C.E. Engeman | 14.40 | $375 | 12.35 | $300 | $3,705.00 |
|  | D.J. Cattie | 375.20 | $285 | 343.85 | $250 | $85,962.50 |
|  | S.R.D. Francis | .70 | $350 | .70 | $250 | $175.00 |
| 2010 | C.E. Engeman | 138.10 | $375 | 133 | $300 | $39,900.00 |
|  | D.J. Cattie | 259 | $285 | 240 | $250 | $60,000.00 |
|  | D.J. Comeaux | 3.20 | $375 | 3.20 | $250 | $800.00 |
|  | Bailey A. Figler | 12.60 | $260 | 10.27 | $250 | $2,567.50 |
|  |  |  |  |  | **Total =** | **$269,241.25** |

With the reduced hourly rates and the adjustments for time charged by the attorneys, the Court finds that the reasonable lodestar figure for all attorneys' fees incurred through trial is $269,241.25. Because three of the four counts in Plaintiff's Second Amended Complaint were based on local law, the Sun Defendants seek recovery of three-fourths of the total fees incurred. (Dkt. No. 554 at 7). Using the Sun Defendants' proposed three-fourths proportional calculations together with these adjusted fees calculations, the attorneys' fees claim would be $201,930.94.

However, in determining the amount of a fee award under the circumstances here, the Court declines to apply a strict proportional split of the attorneys' fees because of the extensive overlap

in the evidence relevant to both the federal and local claims. Because the evidence needed to defend against the Title VII claim—where attorneys' fees would not be recoverable—overlaps significantly with the evidence necessary to defend against the VICRA claims, a strict proportional division of attorneys' fees would undermine the federal policies set forth in *Christiansburg Garment* by indirectly allowing counsel to recover for work that would be used for Title VII claims. *See Christiansburg Garment*, 434 U.S. at 421-22. Further, because two of three local claims were disposed of prior to trial—by Plaintiff's voluntary dismissal of the breach of contract claim and the Court's grant of summary judgment on the intentional infliction of emotional distress claim—more time was inevitably spent defending against the federal and local discrimination claims. Accordingly, because of this substantial overlap, the Court will adjust the recovery percentage to a two-thirds proportional calculation, rather than a three-fourths proportional calculation. Therefore, the maximum recovery for the attorneys' fees claim would be $179,494.17.

As part of his Opposition to the Sun Defendants' Motion, Plaintiff submitted an Affidavit to support his claim of indigence and assertion that attorneys' fees and costs should not be assessed against him. (Dkt. No. 566-1). In the Affidavit, Plaintiff states that he is unemployed, does not have any income or savings, and is unable to financially support any of his three children. (Dkt. No. 566-1 at ¶¶ 1, 3-5). Plaintiff also states that his tax return for 2008 reflects minimal income of $4,040 and describes his 2009 income as "substantially the same." *Id.* at ¶ 2.

The Court finds, however, that Plaintiff has not met his burden of proving that he is unable to pay *any* attorneys' fees assessed against him in this case. Specifically, there is a substantial amount of financial information that is missing. For example, Plaintiff's Affidavit does not provide any details or include supporting documentation concerning monthly expenses, past and future earnings, or whether Plaintiff has any non-monetary assets. *See, e.g.*, *Mendez* 2015 WL 720974,

at *4 (taking into consideration that plaintiffs "had a significant period of unemployment since being discharged, do not own homes, have no health insurance, and apparently have no assets besides a car used for transportation"). Indeed, citing to case precedent, Plaintiff acknowledges that this is the kind of documentation the Court uses to assess a party's inability to pay attorneys' fees and/or costs. (Dkt. No. 566 at 17) (citing *Burks v. City of Philadelphia*, No. CIV. A. 95-1636, 1999 WL 163636, at *1 (E.D. Pa. Mar. 22, 1999). Further, the record establishes that Plaintiff possesses a valuable skillset as a carpenter, and there is no evidence that he is incapable of working.

However, the Court will not reject Plaintiff's claim of indigence entirely. Instead, the Court will weigh the equities and use "common sense" in its determination. *Baumann v. Virgin Islands Water & Power Auth*., No. 13-02, 2016 WL 1703312, at *2 (D.V.I. Apr. 27, 2016) (citing *Smith*, No. 02-227, 2013 WL 152178, at *4) ("Moreover, a party's ability to pay for the opposing party's attorneys' fees is a relevant factor when deciding a fee award."). First, from the evidence in the record a reasonable inference can be drawn that Plaintiff cannot afford to pay the full assessment of attorneys' fees, which would be $179,494.17. Second, the Court finds that the attorneys' fees amount is a large and insurmountable sum for any one individual to pay unless that individual is someone of substantial means. Such is clearly not the case here. Finally, in light of Plaintiff's financial circumstances, the Court must also consider that Plaintiff will be liable for costs incurred in this litigation as well.

Notwithstanding these considerations, the Court will not fully exempt Plaintiff from an award for attorneys' fees. Before pursuing litigation, Plaintiff should have been informed of the risks of litigation, including the risk that he may have to pay attorneys' fees and costs should the litigation ultimately prove unsuccessful. *See, e.g*., *Reger,* 599 F.3d at 289 (citations omitted) ("It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk

that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful."). Thus, the risks of pursuing his claims should have been considered and calculated prior to filing the lawsuit.

Balancing these various considerations and exercising the Court's discretion, the Court will award the Sun Defendants attorneys' fees in the amount of $14,000.00. *See Baumann*, 2016 WL 1703312, at *2 (significantly reducing attorneys' fees award by over 70 percent, from $44,930 to $12,000, where plaintiff represented that he was unemployed, barely getting by on his pension and social security benefits, and unable to pay any fees or costs); *Smith v. Barrow Neurological Inst*., No. CV 10-01632, 2013 WL 2897778, at *2 (D. Ariz. June 13, 2013), *aff'd sub nom. Smith v. Banner Health Sys*., 621 F. App'x 876 (9th Cir. 2015) (reducing attorneys' fee award by fifty percent after finding that an award over $100,000 would subject the plaintiff to significant financial hardship although plaintiff had not submitted an affidavit or financial statement).

### B.    Costs Assessed by the Clerk

The Sun Defendants also filed a Motion for Award of Costs. (Dkt. No. 552). Under Rule 54(a) and LRCi 54.1(b), Defendants requested $17,405.81 in costs, including court reporter fees, witness fees, delivery and service fees and trial-related travel. (Dkt. No. 552-1; 554-2). After the Third Circuit Court of Appeals issued its mandate in Plaintiffs' appeal, the Clerk of Court taxed costs against Plaintiff in the full amount of $17,405.81. (Dkt. No. 821). Plaintiff requests that the Court review this award. (Dkt. No. 822).

As noted above, because 28 U.S.C. § 1920 is inapplicable in this Court, costs taxed by the Clerk may only include reimbursement of those costs permitted pursuant to 5 V.I.C. § 541. *See Fleming*, 2008 WL 5115050, at *1 (awarding deposition costs incurred by prevailing party pursuant to 5 V.I.C. § 541(a)). Under section 541(a), allowable costs are:

(1) Fees of officers, witnesses, and jurors;
(2) Necessary expenses of taking depositions which are reasonably necessary in the action;
(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; [and]
(5) Necessary expenses of copying any public record, book, or document used as evidence on the trial.

5 V.I.C. § 541(a). As with attorneys' fees, the costs must be reasonable to be recoverable. *Virgin Diving, LLC*, 2018 WL 4766993, at *2-3.

Plaintiff challenges Defendants' costs on a variety of grounds—from citing *Christiansburg Garment* to challenging the costs for depositions not used at trial and travel costs. (Dkt. No. 566). Plaintiff also pleads his poverty as an equitable basis to deny costs. (Dkt. No. 566-1).

First, as a general matter, "necessary expenses of taking depositions…reasonably necessary" in the case are recoverable under section 541. *Dr. Bernard Heller Foundation*, 847 F.2d at 89.  In reviewing the deposition charges included in the Sun Defendants' claims, the Court finds that the depositions for which the Sun Defendants have billed expenses were all used in the Sun Defendants' motion for summary judgment and/or at trial, and as such, were reasonably necessary in the preparation of the case. The expenses for these depositions are therefore recoverable as costs.

The Sun Defendants' cost submission also includes a request for reimbursement of court reporter fees in the amount of $10,495.73 in connection with depositions taken in this matter. (Dkt. No. 554-2 at 2, 7-8).  Defendant has submitted both the costs and corresponding invoices for two depositions of Plaintiff's psychological expert, Plaintiff's two depositions, and depositions of eight other individuals. *Id.* at 10-25.  However, Defendant has not submitted invoices for court reporter

fees for other depositions,[11] although invoices are required by Local Rule 54.1(b). In the absence of proper documentation here, the Court will disallow those depositions for which invoices were not provided to the Court.[12] *See Michael J. Benenson Assocs.*, *Inc. v. Orthopedic Network of N.J.*, 54 F. App'x 33, 37 (3d Cir. 2002) (affirming district court's denial of all costs "in light of plaintiff's failure to comply with Local Civil Rule 54.1 by failing to provide invoice documentation of the items for which it sought reimbursement."). Accordingly, the Court finds that only the court reporter costs that were submitted with supporting invoices—totaling $6,217.13—are recoverable under 5 V.I.C. § 541(a).

The Sun Defendants also seek to recover witness fees and service of process fees totaling $200.00 and $245.00, respectively. Although the Sun Defendants list the witness fees in their "Cost Recap" (Dkt. No. 554-2 at 7-8), the Sun Defendants did not submit any invoices or supporting documentation verifying the expenditure of these witness fees. *See Michael J. Benenson Assocs.*, *Inc.*, 54 F. App'x at 37. Further, the Sun Defendants submitted documentation that only verified the reimbursement of notary services for $15.00 and delivery fees of $60.00 (Dkt. No. 554-2 at 9, 22-25). Accordingly, the Court will disallow the unsupported witness fees, and grant the Sun Defendants $75.00 in service of process fees.

The Sun Defendants claim travel-related expenses of $6,465.08 stemming from the attendance of its counsel and two witnesses at the trial of this matter. (Dkt. No. 554-2 at 4, 25-37). As noted by Plaintiff, travel expenses are generally not permitted as "costs" under section 541(a).

---

[11] These court reporter fees are billed in the amounts of $1,415.00, $1,123.00, $947.00, $507.60, and $286.00. (Dkt. No. 554-2 at 7-8).

[12] *See* LRCi 54.1(b) ("Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."). In addition, the Sun Defendants' Cost Recap also fails to identify whose depositions were taken which resulted in those costs.

(Dkt. No. 566 at 15); *see Heller Foundation*, 847 F.2d at 89.[13] The Sun Defendants disagree with Plaintiff's arguments, noting that the legal authorities upon which Plaintiff relies involve the exclusion of travel expenses for depositions. (Dkt. No. 569 at 16-17). Still, the Sun Defendants fail to cite any persuasive legal authority that trial-related travel costs fall within the terms of Section 541(a). For example, in *Rodriguez, LLC*, 2019 WL 1306259 at * 5, the District Court disallowed the travel costs of the plaintiff, who resided on the mainland, to attend the trial in St. Croix. Likewise, in *Yearwood Enterprises, Inc.*, 2017 WL 6316625, at *2, the District Court expressly noted that travel expenses "not related to depositions, client meetings and conferences with co-counsel" were not recoverable under Section 541. Accordingly, the trial-related travel costs will be disallowed.

In view of the foregoing, the Court finds that the allowable costs are as set forth below.

| Description of Costs | Fees Requested | Fees Allowed |
|---|---|---|
| Court Reporter Fees | $10,495.73 | $6,217.13 |
| Delivery & Service Fees | $245.00 | $75.00 |
| Trial-Related Travel | $6,465.08 | $0.00 |
| Witness Fees | $200.00 | $0.00 |
| | | **Total** = $6,292.13 |

---

[13] The Court notes that in the *Dr. Bernard Heller Foundation* case, the Third Circuit recognized that travel expenses related to the taking of depositions, under special circumstances, could be recoverable as "[n]ecessary expenses of taking depositions which were reasonably necessary in the action" pursuant to 5 V.I.C. § 541(a)(2). *Dr. Bernard Heller Foundation*, 847 F.2d at 89. In contrast, however, nothing in Section 541 allows for recovery of trial-related expenses beyond fees of witnesses and the "necessary expense of copying any public record, book, or document used as evidence on the trial." *See* 5 V.I.C. § 541(a)(1), (a)(5).

Plaintiff claims that awarding any costs against him is inequitable due to his indigency. (Dkt. No. 566 at 16-17). As discussed *infra*, a claim of indigency by the losing party may be an equitable reason to deny the prevailing party costs under Rule 54(b). *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 468. However, the losing party bears the burden of showing that an award of costs would be inequitable. *Id.* at 462-63.

Although the Court notes the limitations of Plaintiff's income, as demonstrated in his Affidavit, it does not find the taxation of $6,292.13 in costs against him to be inequitable so as to warrant the reduction of costs and thus the imposition of what "is akin to a penalty" against the prevailing party. *Reger*, 599 F.3d at 288. Further, the costs billed by the Sun Defendants are the type of expenses that parties should expect will be necessarily incurred by the opposing party while the litigation is ongoing. Accordingly, the Court will award the Sun Defendants $6,292.13 in costs.

### III.    CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Plaintiff's Motion for Review of Clerk's Order Taxing Costs (Dkt. No. 822-1) and grant in part and deny in part the Sun Defendants' Motion for Attorneys' Fees and Costs (Dkt. No. 553). The Court will award the Sun Defendants $14,000.00 in attorneys' fees and $6,292.13 in costs as the prevailing party under 5 V.I.C. § 541, for a total of $20,292.13.

An appropriate Order accompanies this Memorandum Opinion.

Dated: October 9, 2024

                                _____/s/_____
                                WILMA A. LEWIS
                                District Judge