## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **MARK VITALIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 2005-0101** |
| **SUN CONSTRUCTORS, INC.,** ) | |
| **HOVENSA, L.L.C., RICHARD "DOC"** ) | |
| **LANGNER, and EXCEL GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Appearances:**

**Mark Vitalis,** *Pro Se*
    *Plaintiff*
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *Former Attorney for Plaintiff*

**Charles E. Engeman, Esq.**
**David J. Cattie, Esq.**
St. Thomas, U.S.V.I.
    *For Defendants Sun Constructors, Inc.*
    *Richard "Doc" Langner, and Excel*
    *Group, Inc.*

**Carl A. Beckstedt, III, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Hovensa, L.L.C.*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

    THIS MATTER comes before the Court on the "Motion for Attorneys' Fees and Costs"

filed by Hovensa, L.L.C. ("Hovensa") (Dkt. No. 556), in which it seeks a total of $148,139.55 in

attorneys' fees and $3,567.55 in costs. Plaintiff Mark Vitalis ("Plaintiff") filed an "Opposition" to

Hovensa's Motion (Dkt. No. 567), which was followed by Hovensa's Reply (Dkt. No. 570). The

Clerk of Court ("the Clerk") issued an Order taxing the full $3,567.55 in costs against Plaintiff and in favor of Hovensa. (Dkt. No. 820). Plaintiff challenged that assessment by filing a Motion for Review of Clerk's Order Taxing Costs ("Motion for Review"). (Dkt. No. 822-1). Hovensa filed a Response to Plaintiff's Motion for Review (Dkt. No. 825), and Plaintiff filed a Reply (Dkt. No. 830).

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Motion for Review and will grant in part and deny in part Hovensa's Motion for Attorneys' Fees and Costs. Upon consideration of the applicable laws, the facts, and the circumstances of this matter, and in the exercise of the Court's discretion, Hovensa will be awarded attorneys' fees in the amount of $7,000.00 and costs in the amount of $3,509.35, for a total of $10,509.35.

## I.    BACKGROUND

### A.    Initial Claims

In July 2005, Plaintiff filed an employment discrimination lawsuit against various defendants—Sun Constructors, Inc., its employee Richard "Doc" Langner ("Langner"), and Hovensa. (Dkt. No. 1). After filing a First Amended Complaint adding Excel Group, Inc. and Merit Electrical and Instrumentation of Louisiana, Inc. as defendants (Dkt. No. 143-2), Plaintiff then filed a Second Amended Complaint in August 2009. (Dkt. No. 337). In the Second Amended Complaint, Plaintiff alleged, *inter alia*, that Sun Constructors falsely represented to him that they were not hiring for a supervisory carpenter position on a project in which Sun Constructors was engaged at the Hovensa plant on St. Croix, Virgin Islands. *Id*. at ¶¶ 17-20. Plaintiff contended that he was denied the position based on his color, race, and national origin—namely, because he was a black West Indian. *Id.* at ¶ 21. Plaintiff also alleged that he was hired by Sun Constructors for a non-supervisory carpenter position and then illegally fired by Langner in furtherance of

Defendants' discriminatory policies. *Id.* at ¶ 20. Plaintiff further claimed that Hovensa controlled and ratified the business decisions of Sun Constructors, and therefore was liable for Sun Constructors' actions. *Id*. at ¶ 12. Finally, Plaintiff alleged that he had filed a complaint with the Equal Employment Opportunity Commission and received a "right to sue" letter. *Id*. at ¶ 27.

In his Second Amended Complaint, Plaintiff claimed that Defendants' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., (Count I); violated the Virgin Islands' Civil Rights Act ("VICRA"), 10 V.I.C. §§ 1-10, 62 *et seq*. (Count II); breached a contract and breached the duty of good faith and fair dealing (Count III); and intentionally/negligently inflicted emotional distress. (Count IV). *Id.* at 4-5. Finally, Plaintiff claimed that he was entitled to recover punitive damages. (Count V). *Id.* at 6.

### B.    Pretrial Motions

After significant discovery, Hovensa filed a Motion for Summary Judgment, Memorandum in Support, and Statement of Undisputed Facts. (Dkt. Nos. 260, 261). In its Motion for Summary Judgment, Hovensa argued, *inter alia*, that it was not liable under Title VII because it did not qualify as Plaintiff's employer, prospective employer, or joint employer with Sun Contractors. (Dkt. No. 260 at 4-13). Plaintiff then filed a Memorandum in Opposition asserting that Hovensa did in fact have significant control over Sun Constructors, citing to various provisions of the contract between the two entities. (Dkt. No. 326 at 19-22).

In early February 2010, the Court granted Hovensa's Motion for Summary Judgment on all claims. (Dkt. No. 400). The Court found that Plaintiff failed to show that the contract did not cover Plaintiff's employment with Sun Constructors. *Id.* at 1, n.1.  The Court found that, even if the contract applied, based on the undisputed facts, "Sun had sole authority to hire and fire Vitalis, dictate his hours and pay, and otherwise supervise his employment." *Id.* The Court later denied as

3

moot Hovensa's multiple pending pretrial motions. (Dkt. Nos. 418-424, 426-427, 430-31).  The District Court's summary judgment ruling was affirmed on appeal.

### C.    Motion for Attorneys' Fees and Costs

Hovensa filed a "Notice of Motion for an Award of Costs" ("Bill of Costs"), requesting that the Clerk enter an award of costs in its favor, and a "Motion for Attorneys' Fees and Costs" and accompanying memorandum in support thereof. (Dkt. Nos. 555, 556, 557, 559). Hovensa bases its attorneys' fees claims on 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), 5 V.I.C. § 541, and Federal Rule of Civil Procedure 54(d). (Dkt. No. 556 at 1). Hovensa then filed an Amended Affirmation of Counsel and an itemization for $148,139.65 in attorneys' fees and $3,567.55 in costs that it alleges were incurred in defending against Plaintiff's claims.  (Dkt. Nos. 559-1, 559-2).

Because Hovensa prevailed on summary judgment on all of Vitalis' claims, Hovensa argues that it is entitled to reimbursement for defending both its federal claims and territorial claims.  (Dkt. No. 557 at 3-10). Arguing that the attorneys' fees they incurred are reasonable, Hovensa requests that the Court award them the full $148,139.55 that is seeks. *Id.* at 11. Finally, Hovensa argues that as the prevailing party, it is also entitled to recover other costs permitted under Section 1988, Title VII, and Fed. R. Civ. Proc. 54(d)(1) for the federal claims, and Section 541(a) for the local claims. *Id.* at 12-14.

Following Hovensa's motions, Plaintiff filed several responses. First, Plaintiff filed a Motion to Defer Ruling asking that the motions be held in abeyance until his appeal from the pretrial rulings and jury verdict was decided. (Dkt. No. 560). Plaintiff also filed a response addressing the merits of Hovensa's Motion, arguing, *inter alia*, that Hovensa is not entitled to attorneys' fees because the focus of his case was the Title VII claim, and that an award under territorial law is inappropriate. (Dkt. No. 567 at 4-6). Further, Plaintiff argues that fees are not

4

warranted because his claims were not "frivolous, unreasonable, or without foundation," under the standard in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978). *Id.* at 6-12. Plaintiff alternatively argues that any attorneys' fees and costs permitted under Virgin Islands law is discretionary and that full reimbursement of those costs is not required by statute. *Id.* at 12. With regard to costs, Plaintiff further asserts that depositions not used at trial and copies used during depositions are outside the scope of what can be recovered under the statute. *Id.* at 14. Finally, Plaintiff argues that his limited financial means is a basis to deny or substantially reduce Hovensa's claims. *Id.* at 15-16.

In its Reply, Hovensa maintains that it is entitled to attorneys' fees under Title VII and Section 541. (Dkt. No. 570 at 1-2). With regard to Plaintiff's federal claims, Hovensa argues that they were indeed "frivolous" and "unreasonable," which warrants fees under the *Christiansburg* standard. *Id.* at 8-13. Hovensa further asserts that the amount of fees requested are reasonable because they are based on counsel's usual billing rates and are customary for those charged for comparable services. *Id.* at 14-15. Hovensa contends that its request for costs—deposition transcript fees and photocopying fees for depositions—are reimbursable. *Id.* at 15-16. Finally, Hovensa adopts the arguments made in the Sun Defendants' Reply to Plaintiff's Opposition on the Motion for Attorneys' Fees and Costs (Dkt. No. 569 at 18-20), in asserting that Plaintiff's limited financial means is not a basis upon which an award of costs should be waived. *Id.* at 18.

The Clerk of Court taxed costs against Plaintiff and in favor of Hovensa, awarding the full $3,567.55 requested. (Dkt. No. 820). Plaintiff responded with a Motion for Review of the Clerk's Order Taxing Costs citing Fed. R. Civ. P. 54(d)(1) and LRCi 54.1(d). (Dkt. Nos. 822, 822-1). In his Motion for Review, Plaintiff reincorporates the arguments he made in his earlier filings. *Id.* Plaintiff also requests that the Court vacate entirely the Clerk's Order, or, in the alternative, reduce

the award of costs. *Id*. Hovensa filed a Response arguing that the Clerk's Order should be affirmed. (Dkt. No. 825). In his Reply, Plaintiff reiterated that Hovensa failed to show that the costs requested were recoverable, specifically arguing that Hovensa did not use the depositions at trial and that Hovensa failed to demonstrate that the depositions were taken as a matter of necessity as opposed to being "merely investigative in nature." (Dkt. No. 830). A hearing was then held on the Motion for Attorneys' Fees and Costs in which the parties essentially argued the positions advanced in their respective written submissions. (Dkt. No. 833). The case was subsequently reassigned to the undersigned District Judge.[1]

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Attorneys' Fees

Both federal and Virgin Islands laws prohibit discrimination in employment decisions when those decisions are based on an employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e, *et seq.*; 10 V.I.C. § 64(1)(a). However, the statutes apply different standards when determining whether to award attorneys' fees to a prevailing defendant in an action claiming unlawful discrimination.

#### 1. Attorneys' Fees Under Title VII

Under Title VII of the Civil Rights Act, "a prevailing party is entitled to seek reasonable attorneys' fees and costs." *Napold v. Parvatishver, LLC*, Civil Action No. 17-584, 2018 WL 1089680, at *7 (W.D. Pa. Feb. 28, 2018) (quoting 42 U.S.C. § 2000e-5(k)). "A 'prevailing party' is one that 'succeeded on any significant issue in the litigation which achieves some of the benefit the party sought in bringing the suit.'" *Ward v. Philadelphia Parking Auth.,* 634 F. App'x 901, 903 (3d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

---

[1] The case was previously assigned to visiting District Judge, the Honorable Timothy J. Savage.

Despite the broad language of § 2000e-5(k), the statute has always been applied differently depending upon whether the plaintiff or defendant is the prevailing party. Federal courts have long recognized that "[p]revailing plaintiffs should ordinarily recover an attorneys' fee unless special circumstances render such an award unjust." *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 750-51 (3d Cir. 1997) (internal citations and quotations omitted). In contrast, the United States Supreme Court has imposed a different standard for awarding attorneys' fees to a prevailing defendant. *See Christiansburg Garment,* 434 U.S. at 421-22 (1978). Under *Christiansburg Garment*, for a prevailing defendant to recover attorneys' fees, the defendant must show that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Supreme Court found that "assessing attorneys' fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id.* at 422.

In determining whether an unsuccessful plaintiff's civil rights claims are frivolous for purposes of 42 U.S.C. § 2000e-5(k), the Third Circuit has considered various factors as guideposts. A non-exhaustive list of those factors includes: (1) whether plaintiff established a *prima facie* case; (2) whether defendant offered to settle the claim; and (3) whether the case was dismissed before trial. *L.B. Foster Co.*, 123 F.3d at 751. Courts have identified additional factors, such as whether the case involved an issue of first impression; whether the case was based on a real threat of injury to the plaintiff; and whether the trial court found the suit frivolous. *See Ullman v. Superior Court of Pennsylvania*, 603 F. App'x 77, 79 (3d Cir. 2015) (considering all the listed factors).

### 2. Attorneys' Fees Under Virgin Islands Law

Under Virgin Islands law, costs generally are allowable to a prevailing party in litigation, including reasonable attorneys' fees. 5 V.I.C. § 541. The decision on whether to allow attorneys' fees and the amount to be awarded to the prevailing party is not a matter of right, but is allowed based upon the exercise of discretion by the trial court. *See Rodriguez v. Spartan Concrete Prod., LLC,* Civil Action No. 12-29, 2019 WL 1306259, at *3 (D.V.I. Mar. 22, 2019) (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc*., 18 V.I. 275, 277 (D.V.I. 1981)); *see also Sebastian v. Estate of Fredericks*, 22 V.I. 78, 86 (V.I. Terr. 1986).

Notwithstanding the Virgin Islands statute, however, both federal and local courts consistently have held that Section 541's attorneys' fees provision does not apply to claims brought under federal law. *Thorstenn v. Barnard*, 883 F.2d 217, 218 (3d Cir. 1989) (finding attorneys' fees provision of 5 V.I.C. § 541 does not apply to federal claims); *see also Figueroa v. Buccaneer Hotel Inc*., 188 F.3d 172, 183 (3d Cir. 1999) (Section 541 is only applicable to attorneys' fees for the prevailing party for Virgin Islands' territorial claims); *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir. 1990) (reversing award of attorneys' fees because local statute directly conflicts with federal maritime law, which does not allow for attorneys' fees); *Hendricks v. Transp. Services of St. John*, *Inc*., 41 V.I. 21, 33 (Terr. V.I. 1999) (attorneys' fees are not available in maritime cases, even under the "saving to suitors clause," because the local statute conflicts with federal maritime law's use of the American Rule as to claims for attorneys' fees). When non-federal claims based upon diversity jurisdiction are asserted in federal court, however, this Court is required to look to local law to determine what "costs," if any, are recoverable by a prevailing party. *Mendez v. Puerto Rican Intern'l Companies, Inc.*, No. CV 05-174, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015).

In determining recoverable "costs" for Plaintiff's local claims,[2] the Virgin Islands fee-shifting statutes apply. *Williams v. Ranger American of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293 (D.V.I. June 12, 2017) (citing *Mendez*, 2015 WL 720974, at *2). At the time of the key events in this case, 5 V.I.C. § 541 of the Virgin Islands Code permitted the prevailing party to recover attorneys' fees at the court's discretion. 5 V.I.C. § 541(a)(6). "The purpose of Section 541 is to indemnify the prevailing party and the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Mendez*, 2015 WL 720974, at *2 (*quoting Hodge v. Super. Ct. of the V.I.*, No. CIV.A. 07-87, 2009 WL 4543629, at *1 (D.V.I. Nov. 24, 2009) (emphasis added). Under Section 541, a prevailing party is defined as "a party in whose favor a decision and judgment [are] rendered." *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, Case No. ST-17-CV-77, 2017 WL 6316625, at *1 (V.I. Super. Dec. 5, 2017).

Section 541 gives the Court broad discretion when determining whether to award attorneys' fees and the amount of such fees. In determining the appropriate award of attorneys' fees, if there is no contractual agreement, the court may allow "such sums as the Court in its discretion may fix by way of indemnity for [the prevailing party's] attorneys' fees in maintaining

---

[2] Prior to the adoption of Act 7323 in 2011 by the Virgin Islands Legislature, the Virgin Islands Civil Rights Act ("VICRA"), 10 V.I.C. § 64 *et seq.*, did not contain an explicit provision that permitted a private cause of action, nor did it explicitly provide for the recovery of costs or attorneys' fees. Nonetheless, courts had found that VICRA permitted a plaintiff claiming a violation to bring a private cause of action. *See, e.g.*, *Frorup-Alie v. V.I. Housing Finance Authority* (VIHA), No. CIV. 2000-0086, 2004 WL 1092317, at *2 (D.V.I. March 12, 2004) (reiterating that a private cause of action for discrimination exists under 10 V.I.C. § 64). Additionally, in the absence of a costs provision in any local statute, Virgin Islands courts routinely apply the more general "costs" provisions found in 5 V.I.C. § 541(a)(6). *See, e.g.*, *Mendez*, 2015 WL 720974, at *4. Because the alleged discriminatory acts, the filing of the lawsuit, and the entry of judgment in this case all occurred prior to the adoption of Act 7323 in 2011, this Court will rely solely on § 541(a)(6) as it was written and interpreted before the 2011 amendments.

the action or defenses thereto." 5 V.I.C. § 541(b). If a Court concludes that fees should be awarded, it then considers the so-called lodestar factors: "time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation" to determine the amount of "reasonable" attorneys' fees the prevailing party incurred in the case. *Newrez LLC v. Plaskett*, Civil Action No. 2015-0070, 2023 WL 6390069, at *10 (D.V.I. Sept. 30, 2023); *Staples v. Ruyter Bay Land Partners*, *LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases).

### 3. Attorneys' Fees in Mixed Federal/State Cases

As with many cases filed in the District Court, Plaintiff's Second Amended Complaint includes claims under both federal and local law. As a result, the parties strongly disagree on which standard for awarding attorneys' fees should be applied.

In requesting attorneys' fees, Hovensa asserts that it is entitled to fees on both its federal and local claims as the prevailing defendant. (Dkt. No. 557 at 3-10). With regard to the federal claims, Hovensa asserts that it is entitled to recover attorneys' fees because Plaintiff's claims were "frivolous, meritless, or without foundation." *Id.* at 9. Citing to the Court's Order granting summary judgment in Hovensa's favor, Hovensa argues that Plaintiff did not establish a *prima facie* claim under Title VII because it failed to establish that Hovensa was Plaintiff's employer or joint employer. *Id.* at 12. Further, Hovensa argues that it is permitted to recover on its territorial claims because it is a prevailing party under Section 541. *Id.* at 10.

Plaintiff, on the other hand, argues that Section 541 does not apply in this case because his claims included a federal claim under Title VII. (Dkt. No. 567 at 4-6). Plaintiff alternatively asserts that the "gravamen" of his case was the Title VII claim based on federal law; therefore, he maintains that the restrictive rules of the federal statutes should apply. *Id.* at 6. Plaintiff also argues

that the same principles enunciated in *Christiansburg Garment* should apply in any case where a federal claim is predominant. Plaintiff further maintains that the clear policy in favor of "eradicating discrimination" is undermined if a plaintiff is subject to attorneys' fees for the territorial claims. *Id.* at 7. He argues that although summary judgment was granted in favor of Hovensa, the Court did not find that Plaintiff's claims were "frivolous, groundless, or meritless." *Id.* at 10-12. Instead, Plaintiff argues that he offered "ample evidence in the record to raise a fact issue" with regard to each of his claims, and therefore no attorneys' fees should be assessed. *Id.*

Courts have awarded varying amounts of attorneys' fees in cases involving both federal and state law claims. Generally, where a party has prevailed on both local and federal claims and the federal claims are not frivolous, "the court must subtract fees and costs associated with [the] federal claims." *Dorval v. Moe's Fresh Market*, No. CV 16-61, 2019 WL 668217, at *2 (D.V.I. 2019) (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999)). Some courts have found it appropriate to apply a proportional method in determining how much in attorneys' fees should be assessed in a mixed federal-local law case. *Smith v. Virgin Islands Port Auth.*, Civil Action No. 02-227, 2013 WL 152178, at *3 (D.V.I. Jan. 11, 2013), *aff'd*, 568 F. App'x 169 (3d Cir. 2014); *see also L & J Crew Station, LLC v. Banco Popular de Puerto Rico*, No. CIV. 2003-11, 2004 WL 2538500, at *2 (D.V.I. Nov. 9, 2004) (applying a proportional approach by limiting fees to only the territorial claim which was one of seven claims).

Despite the lack of consistency among judicial decisions, the fundamental rule remains that determining whether and how much to award in attorneys' fees in mixed federal/local cases simply turns on the court's discretion based upon the facts of the case.

### B.    Costs

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and LRCi 54.1, the responsibility for assessing post-judgment costs is divided between the Clerk and the Court. A party dissatisfied with the Clerk's assessment may file a motion seeking review of that decision within seven days. Fed. R. Civ. P. 54(d)(1); LRCi 54.1(d).

Fed. R. Civ. P. 54(d) provides, in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a "strong presumption" that costs are to be awarded to the prevailing party. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462. In the Third Circuit, "if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." (emphasis in original). *Id.* at 464. It is only if the losing party introduces clear evidence of indigency, and the district court can articulate equitable reasons, should costs be reduced or denied to the prevailing party." *Id.* at 468. This is so because the denial of such costs is akin to a penalty. *Reger v. The Nemours Found.*, Inc., 599 F.3d 285, 288-89 (3d Cir. 2010) (citing *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975). In other words, "a finding of indigence does not require the District Court to reduce costs to zero." *Nw. Mut. Life Ins. Co. v. Babayan*, 253 F. App'x 205, 207 (3d Cir. 2007).

Courts may consider the following factors when deciding whether equity justifies a reduction or denial of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) ... the losing parties' potential indigency or inability to pay the full measure

of a costs award levied against them." *Reger,* 599 F. 3d at 288 n.3 (quoting *In re Paoli*, 221 F.3d at 468). "In assessing the [p]laintiff's indigency or modest means . . . [a] [c]ourt should measure [the] plaintiff's financial condition as it compares to whatever award the [c]ourt decides to tax against him or her." *Thomas v. Centennial Commc'ns Corp.*, No. 3-163, No. 3-163, 2018 WL 4928973, at *1 (D.V.I. Oct. 11, 2018) (citing *Yudenko v. Guarinni*, Civil Action No. 2006-4161, 2010 WL 2490679, at *4 (E.D. Pa. June 15, 2010) (citing *In re Paoli* for proposition that no "hard and fast rules" exist for assessing a losing party's indigency and that "district courts should use their common sense in making that determination.").

While Rule 54(d) provides the mechanism for allowing costs, the type of items that may be taxed as costs is governed by statute. The general federal statute defining allowable "costs" is 28 U.S.C. § 1920, which permits the recovery of certain fees and expenses. Section 1920, however, is not applicable to the District Court of the Virgin Islands. *See Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988) (noting that Section 1920 applies to a "court of the United States" as defined by 28 U.S.C. § 451, but the District Court of the Virgin Islands does not fall within that definition).

Notes to 5 V.I.C. § 541 explain how Rule 54(d)(1) applies to the assessment of costs in the Virgin Islands:

> This Rule specifies when costs are allowed, and the procedure for taxing them, but it does not provide what items are included in costs. 28 U.S.C. §§ 1911-1929, which cover the latter subject, are not applicable to the district court of the Virgin Islands under 28 U.S.C. § 451. Therefore, it appears that local provisions, such as the present section [5 V.I.C. § 541], are needed to determine what costs shall be allowed.

Federal courts have acknowledged the accuracy of the Code's comments. *See Dr. Bernard Heller Foundation*, 847 F.2d at 87 (applying Section 541 in diversity action filed in District Court); *Virgin*

*Diving, LLC v. M/V Alyeska*, Civil No. 2016-52, 2018 WL 4766993, at *2 (D.V.I. Feb. 5, 2018) (same).

## III.    DISCUSSION

### A.    Entitlement to Attorneys' Fees

#### 1.    Federal Claims

Based upon the standards applied under § 42 U.S.C. § 2000e-5(k) and 28 U.S.C. § 1988, Hovensa is not entitled to attorneys' fees in successfully defending a Title VII claim, unless the plaintiff's action was frivolous, unreasonable, or without foundation. *See Christiansburg Garment*, 434 U.S. at 421-22. In the instant case, the Court granted Hovensa's Motion for Summary Judgment, finding that Plaintiff failed to establish a *prima facie* case of discrimination under Title VII. In so finding, the Court concluded that Hovensa was not Plaintiff's joint employer because "the undisputed facts show that Sun had sole authority to hire and fire Vitalis, dictate his hours and pay, and otherwise supervise his employment." (Dkt. No. 400 at 1 n.1). This raises the question as to whether the Court's finding that Plaintiff failed to establish a *prima facie* case renders Plaintiff subject to an award of attorneys' fees in favor of Hovensa.

Although the Court found that Hovensa was not a joint employer, Plaintiff offered various arguments in his Opposition to the Motion for Summary Judgment for the contrary position. *See* Dkt. No. 326 at 17-22. In relying on factors previously used by a court in this district to determine whether an entity is a joint employer, Plaintiff argued, *inter alia,* that Hovensa exercised control and authority over Sun because Hovensa, per the contract, had to approve the selection of Sun Constructors' Project Manager; Sun Constructors had to inform Hovensa of individuals appointed for key work positions who could not be removed without sufficient to Hovensa; Sun Constructors could not subcontract or delegate its responsibilities without Hovensa's prior consent; and

Hovensa had to review the progress of Sun's work. *Id.* at 19-20. Therefore, while the Court found that the evidence ultimately proved insufficient for Plaintiff to avoid summary judgment, that fact alone is not enough for Hovensa to prevail on its motion for attorneys' fees. *Green v. Port Auth. of New York & New Jersey*, No. CIV.A. 07-3910, 2010 WL 2989990, at *4 (D.N.J. July 26, 2010) (quoting *Veneziano v. Long Island Pipe Fabrication & Supple Corp.*, 238 F.Supp.2d at 683, 689 (D.N.J. 2002) ("[T]here is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success.... [I]t is only the latter that permits defendants to recover attorney's fees.").

In short, while summary judgment was granted in Hovensa's favor, the Court does not find that Plaintiff's claims were "frivolous, unreasonable, or groundless" so as to warrant attorneys' fees. *See, e.g.*, *Carlson v. Qualtek Wireless LLC*, 626 F. Supp. 3d 804, 811 (E.D. Pa. 2022) (finding that female employee's Title VII claims were not frivolous, unreasonable, or groundless, and denying an award of attorneys' fees even though court granted summary judgment to employer); *Wronko v. Martin*, Civ. No. 16-2288, 2019 WL 1615399, at *4 (D.N.J. Apr. 16, 2019) (denying attorneys' fees where defendants were granted summary judgment but plaintiffs were not "wholly without a factual basis for bringing claims against them" and noting that "[f]rivolity is a high bar, and a weak case is not necessarily a frivolous one"); *Curran v. Se. Pennsylvania Transp. Auth.*, 109 F. Supp. 2d 394, 397 (E.D. Pa. 2000) (denying defendants' motion for attorneys' fees in civil rights action although plaintiff had failed to establish a *prima facie* case on any of his claims and summary judgment had been granted in defendants' favor, because plaintiff had offered evidence such that the claim was not frivolous).

### 2. Territorial Claims

Plaintiff also pursued discrimination claims under VICRA, as well as claims for breach of contract, intentional/negligent infliction of emotional distress, and for punitive damages. (Dkt. Nos. 20, 27). One reason to include a "mirror" discrimination claim under VICRA—when it is undisputed that the employer has the number of employees to fall within the scope of Title VII—is the extent of damages available. As the Virgin Islands Supreme Court has noted:

> Both Title VII and the VICRA allow a plaintiff to recover compensatory damages, punitive damages, and attorneys' fees. See 10 V.I.C. § 64 (15); 42 U.S.C. § 1981a. But unlike Title VII, the VICRA does not place a cap on those damages. Compare 10 V.I.C. § 64 (15) (providing that a plaintiff suing under the VICRA may recover compensatory damages, punitive damages, and attorneys' fees and being silent on any cap on those damages), with 42 U.S.C. § 1981a(b)(3) (setting forth the limitations on compensatory damages and punitive damages under Title VII). To [the plaintiff's] favor, the VICRA, unlike Title VII, afforded him the opportunity to recover damages without a limit.

*Reynolds v. Rohn*, 70 V.I. 887, 896-97 (2019).

Moreover, Plaintiff vigorously contested Hovensa's Motion for Summary Judgment with respect to all claims, including the claims based on Virgin Islands law. (Dkt. No. 321 at 44-56). Accordingly, the Court rejects Plaintiff's argument that the gravamen of his action was focused on Title VII and that the Court should restrict its consideration of attorneys' fees to a Title VII analysis.

Plaintiff argues that Section 541 does not apply in this case because his claims included a federal claim under Title VII. (Dkt. No. 567 at 4-6). However, he relies on various cases that are inapt, in that *only* federal claims were asserted in those actions. *See, e.g.*, *Thorstenn v. Barnard*, 883 F.2d at 218 (action based solely on claims under 42 U.S.C. § 1983 and relying on the Privileges and Immunities Clause); *Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp.*, 598 F.

Supp. 45, 47 (D.V.I. 1984), *aff'd*, 760 F.3d 259 (3d Cir. 1985) (costs under § 541 not available in admiralty cases which are "peculiarly federal in nature"). This argument, therefore, lacks merit.

Plaintiff also asserts that because the policies underlying VICRA and Title VII are the same, the restriction on assessing fees under Title VII should also apply to VICRA. (Dkt. No. 567 at 6). As noted above with regard to remedies, however, it is clear from the difference in the analytical framework that the policy considerations underlying the two statutes are not identical. Further, the legal standards under Title VII and VICRA also differ. *See*, *e.g.*, *Reynolds*, 70 V.I. at 897 (noting that VICRA provides a lower burden of proof than Title VII which requires the plaintiff to prove his claim under the *McDonnell-Douglas* burden-shifting framework); *see also Rennie v. Hess Oil Virgin Islands Corp*., 62 V.I. 529, 552 (2015) (noting that the Virgin Islands Supreme Court has rejected the *McDonnell-Douglas* framework for interpreting the Virgin Islands Civil Rights Act). Moreover, this Court must be mindful of the Virgin Islands Legislature's express adoption of 5 V.I.C. § 541, which allows a prevailing party—including a defendant—to recover a reasonable amount in attorneys' fees when successfully defending itself in a lawsuit, even if the plaintiff's claims are not frivolous.[3] *Phillips v. FirstBank Puerto Rico*, No. CV 13-105, 2018 WL 1789545, at *3 (D.V.I. Apr. 12, 2018) (citing *Smith*, 2013 WL 152178, at *2 (internal quotations omitted)). The statute is designed "to indemnify the prevailing party, ... [who] should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Paul v. Hovens*a, LLC, Civ. No. 2007-0051, 2013 WL 2468169, at *3 (D.V.I.

---

[3] The one exception expressed by the Legislature in 5 V.I.C. § 541 is in cases involving personal injury claims. In those types of cases, the statute permits attorneys' fees to be awarded to a prevailing defendant only if the action is found to be frivolous. 5 V.I.C. § 541(b). The Court is unaware of any cases in which Virgin Islands courts have classified discrimination claims as "personal injury" claims. Therefore, this exception does not apply.

June 7, 2013) (internal citation omitted). In fact, Virgin Islands courts have broadly applied § 541, even when applicable statutes expressly only allow costs to one party. *See*, *e.g.*, *Hansen v. Bryan*, 68 V.I. 603, 613 (2018) (while 18 V.I.C. § 412 provides for awarding costs "if a petition is dismissed," it may be harmonized with 5 V.I.C. § 541 by having section 412 control instances where a petition is dismissed, and by having section 541 govern cases where petitions are not dismissed); *see also Hodge*, 2009 WL 4543629 at *2 (although local Whistleblower's Protection Act, 10 V.I.C. § 121 *et seq.*, only explicitly allows for an award of attorneys' fees and costs to a prevailing complainant, this does not bar use of 5 V.I.C. § 541 to allow recovery by prevailing defendant).

In view of the foregoing, the Court finds that attorneys' fees can properly be recovered by Hovensa in this matter under Virgin Islands law. Thus, the Court must determine the extent to which such fees should be awarded.

### B.    Fee Award Analysis

In its Motion and supporting Declaration, Hovensa requests $148,139.55 in attorneys' fees between 2005 and 2010. The hourly rates claimed for the timekeepers listed were between $65.00 and $250.00. (Dkt. No. 559-1 at 2).

Under 5 V.I.C. § 541, the Court considers prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Rodriguez v. Spartan Concrete Products*, Civ. No. 12-29, 2019 WL 1306259, at *5 (D.V.I. Mar. 22, 2019) (rejecting claims in a FLSA and employment case of $400 per hour for experienced counsel); *Williams*, 2017 WL 2543293 at *2 (reducing rate for experienced counsel and noting that $400 per hour was not reasonable rate).

For some time, courts applying section 541 have determined that "a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *George v. Allison Industrial Services*, Civil Action No. 2020-0107, 2024 WL 111820, at *3 (D.V.I. Jan. 10, 2024) (quoting *Williams*, 2017 WL 2543923 at *2 (quoting *M&T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (citing *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)) (same); *see also Bank of Nova Scotia v. Davis*, No. CV 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (internal citation omitted) (acknowledging attorneys' rates generally span from $125 to $300 per hour). Only more recently have courts found that billing rates up to $350 per hour was within "the customary and reasonable rate" for experienced attorneys. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 in attorneys' fees based on the attorney's level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Roy v. Poleon*, No. ST-13-CV-525, 2018 WL 6721399 at *4 (V.I. Super. 2018) (rates of $350 for in-court services and $300 for other services as fair and reasonable for an attorney); *Yearwood Enterprises, Inc.*, 2017 WL 6316625, at *1 (permitting attorneys' fees at $350 per hour in anti-monopoly case).

The Court will not award fees for individuals who billed between $65 and $85 per hour. Those rates—which are below market rate—provide some indication that these individuals served in the position of a paralegal at the time of billing. The Virgin Islands Superior Court has generally found that, under 5 V.I.C. § 541, paralegal fees are not recoverable because they are considered law firm overhead costs. *See, e.g.*, *Roy*, 2018 WL 6721399, at *3 (citing various Superior Court

opinions disallowing such fees and noting the Virgin Islands Supreme Court's silence on the issue).

Likewise, absent clear language in controlling contracts, this Court has generally followed the

Superior Court of the Virgin Islands' lead and disallowed paralegal fees.[4] *See United States v.*

*Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *10 (D.V.I. Oct. 31, 2016) (while

paralegals can provide more cost-effective service, the Court will follow the lead of local courts

in disallowing paralegal fees). Consequently, hours billed by those individuals with rates between

$65 and $85 will be disallowed. However, the Court will permit the requested attorneys' rates,

which vary between $175 and $275, and which are consistent with the reasonable hourly rates in

this jurisdiction, at the relevant time.

---

[4] The Court acknowledges that there are inconsistent opinions in the District Court and the Superior Court on this issue, but the prevailing view in the Superior Court still appears to disallow the billing of paralegal work as part of a party's attorneys' fees, considering them instead as overhead. *See, e.g., Bobax Ventures, LP v. Inner Circle Logistics, Inc.,* 75 V.I. 214, 224 (V.I. Super. Jan. 25, 2022) (denying plaintiff's request for paralegal fees and noting that 5 V.I.C. § 541 does not include paralegal fees in list of costs that may be allowed); *Lakeview Loan Servicing, LLC v. Singh*, Civil No. SX-16-CV-541, 2021 WL 3214782, at *4 (V.I. Super. July 28, 2021) (noting that Title 5 V.I.C. § 541 would not allow plaintiff to recover paralegal fees, but allowing such fees under the terms of the Note and Mortgage); *Kokinda v. Thelusma*, No. SX-13-CV-254, 2017 WL 3612352, at *3 (V.I. Super. Aug. 18, 2017) (paralegal fees not recoverable under 5 V.I.C. § 541); *Gov't of the V.I., Dep't of Educ. v. St. Thomas/St. John Educ. Admr's Ass'n Local 101*, No. ST-13-CV-499, 2017 WL 3379568, at *2 (V.I. Super. Aug. 1, 2017) (rejecting claims for work performed by paralegals and non-attorney staff as the claims are part of normal overhead costs); *Creative Minds, LLC v. Reef Broadcasting, Inc.*, No. ST-11-CV-131, 2014 WL 4908588, at *4 (V.I. Super. Sept. 24, 2014) (disallowing paralegal fees as overhead); *Mahabir v. Heirs of George*, Civil No. St. 09-CV-231, 2014 WL 1392954, at *1 (V.I. Super. Apr. 4, 2014) (same); *Chapa v. Sepe*, No. ST-12-CV-504, 2013 WL 8609242, at *1 (V.I. Super. June 3, 2013) (finding no authority for the awarding of fees for paralegals); *In re Estate of Vialet*, 24 V.I. 16, 27 (V.I. Terr. 1988); *but see LPP Mortg., Ltd. v. Carpenter*, Civil Action No. 09-15, 2022 WL 4000926, at *3 (D.V.I. Sept. 1, 2022) (allowing for paralegal fees); *In re Estate of Benjamin*, 70 V.I. 110, 117-18 (V.I. Super. Feb. 21, 2019) (citing District Court opinion finding that the term "attorneys' fees" embraces paralegal fees); *Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.*, Civil Action No. 01-44, 2013 WL 163830, at *7 (D.V.I. Jan. 10, 2013) (allowing paralegal billing except for purely clerical tasks).

Upon review of Hovensa's Motion, the Court has found some excessive and duplicative billing entries by Hovensa's counsel and has reduced the hours requested where appropriate. [5]

Based upon a review of counsel's billing records and the activity reflected in both the Court's files and the billing records, the amount of hours that the Court will allow for consideration is set forth in the following chart.

| Year | Attorney | Hours Requested | Rate Requested | Hours Allowed | Rate Allowed | Total Allowed |
|---|---|---|---|---|---|---|
| 2005 | Linda J. Blair | 1.70 | $200 | 1.70 | $200 | $340.00 |
| | C. Beth Moss | 11.90 | $225 | 11.80 | $225 | $2,655.00 |
| | E. Geoffrey Wolfe | 2.50 | $200 | 2.50 | $200 | $500.00 |
| Jan.– July 2006 | Linda J. Blair | 18.50 | $200 | 18.50 | $275 | $5,087.50 |
| | C. Beth Moss | 10.70 | $225 | 10.40 | $225 | $2,340.00 |
| | E. Geoffrey Wolfe | 1.50 | $200 | 1.50 | $200 | $300.00 |
| Aug.– Dec. 2006 | Linda J. Blair | 4.80 | $175 | 4.80 | $175 | $840.00 |
| | C. Beth Moss | .90 | $200 | .90 | $200 | $180.00 |
| Jan. – Mar. 2007 | Linda J. Blair | 1.20 | $175 | 1.20 | $175 | $210.00 |
| Apr. – Dec. 2007 | Linda J. Blair | 18.40 | $200 | 18.40 | $200 | $3,680.00 |
| | C. Beth Moss | 1.50 | $200 | 1.50 | $200 | $300.00 |
| | Joseph D. Early | 10.10 | $175 | 10.10 | $175 | $1,767.50 |
| 2008 | Linda J. Blair | 229.00 | $250 | 213.55 | $250 | $53,387.50 |
| 2009 | Linda J. Blair | 105.30 | $250 | 100.58 | $250 | $25,145.00 |
| | Emily A. Shoup | 6.30 | $225 | 6.30 | $225 | $1,417.50 |

---

[5] For example, in 2009, counsel appears to have spent over 20 hours on the Opposition to the Motion to Amend the Complaint. The Court finds this amount to be excessive and reduced this time in half. Further, reductions were made for excessive billing in itemizations for the review of the Court's Orders that were often text entry only orders on the docket or otherwise short orders.

| | | | | | | |
|---|---|---|---|---|---|---|
| | Heather A. Ripple | 35.30 | $225 | 25.30 | $225 | $5,692.50 |
| | Nancy A. Flanagan | 96.20 | $225 | 96.20 | $225 | $21,645.00 |
| | Thomas G. Kraeger | 3.00 | $225 | 3.00 | $225 | $675.00 |
| 2010 | Linda J. Blair | 2.50 | $250 | 1.76 | $250 | $440.00 |
| | Thomas G. Kraeger | 8.10 | $225 | 8.10 | $225 | $1,822.50 |
| | | | | | **Total** = | $128,425.00 |

With the reduced hourly rates and the adjustments for time charged by the attorneys, the Court finds that the reasonable lodestar figure for all attorneys' fees incurred is $128,425.00.

However, in determining the amount of a fee award under the circumstances here, the Court declines to apply a strict proportional split of the attorneys' fees because of the extensive overlap in the evidence relevant to both the federal and local claims. Because the evidence needed to defend against the Title VII claim—where attorneys' fees would not be recoverable—overlaps significantly with the evidence necessary to defend against the VICRA claims, a strict proportional division of attorneys' fees would undermine the federal policies set forth in *Christiansburg Garment* by indirectly allowing counsel to recover for work that would be used for Title VII claims. *See Christiansburg Garment*, 434 U.S. at 421-22. Accordingly, because of this substantial overlap, the Court will adjust the recovery percentage to a two-thirds proportional calculation, rather than a three-fourths proportional calculation. Therefore, the maximum recovery for the attorneys' fees claim would be $85,616.67.

As part of his Opposition to Hovensa's Motion, Plaintiff submitted an Affidavit to support his claim of indigence and assertion that attorneys' fees and costs should not be assessed against him. (Dkt. No. 567-1). In the Affidavit, Plaintiff states that he is unemployed, does not have any income or savings, and is unable to financially support any of his three children. *Id.* at ¶¶ 1, 3-5).

Plaintiff also states that his tax return for 2008 reflects minimal income of $4,040 and describes his 2009 income as "substantially the same." *Id*. at ¶ 2.

The Court finds, however, that Plaintiff has not met his burden of proving that he is unable to pay *any* attorneys' fees assessed against him in this case. Specifically, there is a substantial amount of financial information that is missing. For example, Plaintiff's Affidavit does not provide any details or include supporting documentation concerning monthly expenses, past and future earnings, or whether Plaintiff has any non-monetary assets. *See, e.g.*, *Mendez* 2015 WL 720974, at *4 (taking into consideration that plaintiffs "had a significant period of unemployment since being discharged, do not own homes, have no health insurance, and apparently have no assets besides a car used for transportation"). Indeed, citing to case precedent, Plaintiff acknowledges that this is the kind of documentation the Court uses to assess a party's inability to pay attorneys' fees and/or costs. (Dkt. No. 566 at 17) (quoting *Burks v. City of Philadelphia*, No. CIV. A. 95-1636, 1999 WL 163636, at *1 (E.D. Pa. Mar. 22, 1999)). Further, the record establishes that Plaintiff possesses a valuable skillset as a carpenter, and there is no evidence that he is incapable of working.

However, the Court will not reject Plaintiff's claim of indigence entirely. Instead, the Court will weigh the equities and use "common sense" in its determination. *Baumann v. Virgin Islands Water & Power Auth*., No. 13-02, 2016 WL 1703312, at *2 (D.V.I. Apr. 27, 2016) (citing *Smith v. Virgin Islands Port Auth*., No. 02-227, 2013 WL 152178, at *4 (D.V.I. Jan. 11, 2013), *aff'd*, 568 Fed. App'x. 169 (3d Cir. 2014) ("Moreover, a party's ability to pay for the opposing party's attorneys' fees is a relevant factor when deciding a fee award."). First, from the evidence in the record a reasonable inference can be drawn that Plaintiff cannot afford to pay the full assessment of attorneys' fees, which would be $85,616.67. Second, the Court finds that the attorneys' fees

amount is a large and insurmountable sum for any one individual to pay unless that individual is someone of substantial means. Such is clearly not the case here. Finally, in light of Plaintiff's financial circumstances, the Court must also consider that Plaintiff will be liable for costs incurred in this litigation as well.

Notwithstanding these considerations, the Court cannot fully exempt Plaintiff from an award for attorneys' fees. Before pursuing litigation, Plaintiff should have been informed of the risks of litigation, including the risk that he may have to pay attorneys' fees and costs should the litigation ultimately prove unsuccessful. *See, e.g*., *Reger,* 599 F.3d at 289 (citations omitted) ("It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful."). In turn, the risks of pursuing his claims should have been considered and calculated prior to filing the lawsuit.

Balancing these various considerations and exercising the Court's discretion, the Court will award Hovensa attorneys' fees in the amount of $7,000.00. *See Baumann*, 2016 WL 1703312, at *2 (significantly reducing attorneys' fees award by over 70 percent, from $44,930 to $12,000, where plaintiff represented that he was unemployed, barely getting by on his pension and social security benefits, and unable to pay any fees or costs); *Smith v. Barrow Neurological Inst*., No. CV 10-01632, 2013 WL 2897778, at *2 (D. Ariz. June 13, 2013), *aff'd sub nom*. *Smith v. Banner Health Sys*., 621 F. App'x 876 (9th Cir. 2015) (reducing attorneys' fee award by fifty percent after finding that an award over $100,000 would subject the plaintiff to significant financial hardship although plaintiff had not submitted an affidavit or financial statement).

### B.    Costs Assessed by the Clerk

Hovensa also filed a Motion for Award of Costs. (Dkt. No. 552). Under Rule 54(a) and LRCi 54.1(b), Hovensa requested $3,567.55 in costs, comprised of deposition transcript fees in the amount of $3,509.35 and copies of documents for the depositions in the amount of $58.20. (Dkt. No. 559-1). Plaintiff objected to the assessment of those costs. (Dkt. No. 570). After the Third Circuit Court of Appeals issued its mandate in Plaintiff's appeal, the Clerk of Court taxed costs against Plaintiff in the full amount of $3,567.55. (Dkt. No. 820). Plaintiff requests that the Court review this award. (Dkt. No. 822).

As noted above, because 28 U.S.C. § 1920 is inapplicable in this Court, costs taxed by the Clerk may only include reimbursement of those costs permitted pursuant to 5 V.I.C. § 541. *See Fleming v. TK Sailing Corp.,* No. CIVIL 2004-122, 2008 WL 5115050, at *1 (awarding deposition costs incurred by prevailing party pursuant to 5 V.I.C. § 541(a)). Under section 541(a), allowable costs are:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which are reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; [and]
> (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial.

5 V.I.C. § 541(a). As with attorneys' fees, the costs must be reasonable to be recoverable. *Virgin Diving, LLC*, 2018 WL 4766993, at *2-3.

Plaintiff challenges Hovensa's costs on three grounds—Hovensa did not use the depositions at trial and have not shown that they were necessary; copies of the depositions are not

recoverable; and Plaintiff's limited financial means should serve as an equitable basis to deny costs. (Dkt. Nos. 567, 830).

First, as a general matter, the "necessary expenses of taking depositions which were reasonably necessary" in the case are recoverable under section 541. *Dr. Bernard Heller Foundation*, 847 F.2d at 89. Here, Plaintiff's request for costs includes $3,509.35 for deposition transcript fees. (Dkt. No. 559-1 at 3). The Court finds that most of the depositions for which Hovensa has billed the transcript fees were used in its briefing for the Motion for Summary Judgment or Motions *in Limine*, and as such, were reasonably necessary in the preparation of the case. Further, even if all the depositions were not cited to or referenced directly, it is reasonable to infer that these witnesses offered testimony which Hovensa could use for preparation and strategy. The expenses for these depositions are therefore reasonable as costs. *See Pollara v. Ocean View Inv. Holding LLC,* No. 9-60, 2015 WL 4735205, at *4-5 (D.V.I. May 21, 2015) (awarding deposition transcript fees).

However, photocopying charges for documents used during the deposition are not recoverable because they are treated as part of overhead expenses. *See Acosta v. Hovensa LLC*, Civil Action No. 2008-0089, 2020 WL 3077867, at *4 (D.V.I. June 10, 2020) (citing *Creative Minds, LLC v. Reef Broadcasting, Inc*., 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014)). In addition, Hovensa has not provided any invoices documenting these copying charges. *See, e.g.*, *Ditech Fin., LLC v. Mullen*, Civil Action No. 2012-0005, 2023 WL 4420518, at *5 (D.V.I. July 10, 2023) (denying requests for expenses where Plaintiff did not provide supporting invoices). Accordingly, the Court will deduct the photocopy charges in the amount of $58.20.

Plaintiff claims that awarding any costs against him is inequitable due to his indigency. (Dkt. No. 566 at 16-17). As discussed *infra*, a claim of indigency by the losing party may be an

equitable reason to deny the prevailing party costs under Rule 54(b). *In re Paoli*, 221 F.3d at 468. However, the losing party bears the burden of showing that an award of costs would be inequitable. *Id.* at 462-63.

Although the Court notes the limitations of Plaintiff's income, as reflected in his Affidavit, it does not find the taxation of $3,509.35 against him to be inequitable so as to warrant the reduction of costs and thus the imposition of what "is akin to a penalty" against the prevailing party. *Reger*, 599 F.3d at 288. Further, the costs billed by Hovensa—which are related to the taking of depositions—are the type of expenses that parties should expect will be necessarily incurred by the opposing party while the litigation is ongoing. Accordingly, the Court will award Hovensa $3,509.35 in costs.

## III.    CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Plaintiff's Motion for Review of Clerk's Order Taxing Costs (Dkt. No. 822-1) and grant in part and deny in part Defendant Hovensa, L.L.C.'s Motion for Attorneys' Fees and Costs (Dkt. No. 556). The Court will award Hovensa $7,000.00 in attorneys' fees and $3,509.35 in costs as the prevailing party under 5 V.I.C. § 541, for a total of $10,509.35.

An appropriate Order accompanies this Memorandum Opinion.

Dated: October 10, 2024                    _____/s/_____
                                           WILMA A. LEWIS
                                           District Judge